250 P.3d 215

**Pauline COSPER, Petitioner,**

v.

**The Honorable John Christian REA, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,**

**Marco Mora and Flor Mora, Real Parties in Interest.**

**No. 1 CA–SA 10–0266.**

Court of Appeals of Arizona, Division 1, Department E.

March 3, 2011.

The Cavanagh Law Firm, P.A. By Steven D. Smith and Thomas C. Hall, Phoenix, Attorneys for Petitioner.

William J. Wolf, P.C. By William J. Wolf, Phoenix, Attorney for Real Parties in Interest.

## OPINION

SWANN, Judge.

¶ 1 Pauline Cosper seeks relief from an order striking her supplemental disclosure of an expert witness in her appeal from an adverse compulsory arbitration award. The trial court precluded the expert because Cosper had not identified him in her list of witnesses at the time she filed her Appeal from Arbitration. We hold that when a party makes seasonable, good faith disclosure of new evidence during the discovery period allowed by Ariz. R. Civ. P. ("Rule") 77(g)(3), preclusion is not warranted absent a showing of prejudice that cannot be cured by less drastic means. Accordingly, we accept jurisdiction and grant relief.

### FACTS AND PROCEDURAL HISTORY

¶ 2 Cosper's car collided with the Moras' car. The resulting personal injury action was referred to compulsory arbitration, and the Moras were awarded $13,460.24. Cosper timely appealed the arbitration award on August 6, 2010. Cosper did not disclose any expert witnesses at the time of her appeal.

¶ 3 In a Joint Pretrial Memorandum filed on September 7, 2010, the parties proposed that expert testimony would be disclosed by January 3, 2011, discovery would conclude by February 15, 2011, and trial would commence in May 2011. However, at the September 10, 2010 status conference, the court rejected the parties' plan and set trial for December 20, 2010 (second in priority to another trial set that day) and ordered the parties to submit a final witness list by November 16.

¶ 4 On September 17, 2010, Cosper's counsel asked the Moras' counsel whether his clients' vehicle was available for inspection. On September 20, counsel responded that the Moras were not sure where the car was but would provide a "contact person" who knew.

On October 6, the Moras' counsel informed Cosper's counsel that he was "still working on" ascertaining the "contact person." Because the Moras' vehicle was not made available for inspection, Cosper's expert witness analyzed the accident based on exemplar cars of the same model.

¶ 5 On October 7, Cosper identified her expert witness in her Fifth Supplemental Disclosure, 62 days after she filed her notice of appeal and 74 days before the date set for trial. On October 15, Cosper disclosed the expert's report and accompanying exhibits in her Sixth Supplemental Disclosure, 70 days after the appeal and 66 days before trial. The expert had signed the report on October 14.

¶ 6 On October 19, the Moras moved to strike Cosper's Fifth and Sixth Supplemental Disclosures, arguing that Rule 77(g) requires that all witnesses and exhibits be disclosed at the time the Notice of Appeal from arbitration is filed. In response, Cosper argued that Rule 77(g)(3) permits discovery to proceed for 80 days after the notice of appeal under Rules 26 through 37, and that her disclosure complied with the time limits set by Rules 77 and 26.1. Cosper further argued that because the Moras had not provided their vehicle for inspection, they had impeded discovery and their motion should be denied. Finally, Cosper argued that the Moras were not prejudiced by the new testimony and exhibits because no new legal theory was raised by Cosper's expert, the Moras had time to hire a rebuttal expert, they could cross-examine Cosper's expert, and they had agreed in their Joint Pretrial Memorandum to allow supplemental disclosures of expert testimony.

¶ 7 The trial court granted the motion to strike, holding that Rule 77(g)(4) requires a showing of "good cause" for any supplemental disclosures subsequent to those permitted under Rule 77(g)(1), and that this specific provision of Rule 77(g)(4) prevailed over the general provisions of Rules 26 through 37. This special action followed.

### DISCUSSION

#### I. SPECIAL ACTION JURISDICTION

¶ 8 Although we do not routinely entertain petitions for interlocutory relief on

discovery matters, the exercise of special action jurisdiction is appropriate when the issue involves interpretation or application of procedural rules and when the respondent judge's alleged abuse of discretion concerns "a pure issue of law that may be decided without further factual inquiry." *See Winner Enter., Ltd. v. Superior Court (Hancock)*, 159 Ariz. 106, 108, 765 P.2d 116, 118 (App.1988). *See also Jones v. Buchanan*, 177 Ariz. 410, 411, 868 P.2d 993, 994 (App. 1993). We exercise jurisdiction over this special action because the question presented—the interpretation of Rule 77(g)—is a purely legal issue of first impression and statewide importance, and because "the lack of appellate guidance on this issue has led to inconsistent rulings in the lower courts." *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶¶ 8–10, 30 P.3d 649, 652 (App. 2001).

## II. STANDARD OF REVIEW

■■■ ¶ 9 "We will overturn the trial court's rulings on the exclusion of evidence only for abuse of discretion or legal error and prejudice." *Zimmerman v. Shakman*, 204 Ariz. 231, 235, ¶ 10, 62 P.3d 976, 980 (App. 2003) (internal quotation marks omitted). With regard to legal error:

> We review issues involving the interpretation of court rules de novo and evaluate procedural rules using principles of statutory construction. Additionally, we interpret court rules in accordance with the intent of the drafters, and we look to the plain language of the ... rule as the best indicator of that intent. If the language of a rule is ambiguous, however, we may consider a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose to determine the drafters' intent.

*Rivera–Longoria v. Slayton (State)*, 225 Ariz. 572, 574, ¶ 8, 242 P.3d 171, 173 (App. 2010) (internal quotation marks and citations omitted). Here, we must be mindful that

"[t]he disclosure rules are designed to provide parties a reasonable opportunity to prepare for trial or settlement—nothing more, nothing less .... [and] should be interpreted to maximize the likelihood of a decision on the merits. Courts must use common sense in applying the rules, with an eye toward the specific facts...." *Zimmerman*, 204 Ariz. at 235, ¶¶ 13–14, 62 P.3d at 980 (internal citations and quotation marks omitted).

## III. RULE 77 SPECIFICALLY CONTEMPLATES LIMITED DISCOVERY BEFORE TRIAL IN ARBITRATION APPEALS.

■■■ ¶ 10 A.R.S. § 12–133 provides that actions for damages involving less than the amount set by local rule are subject to compulsory arbitration. However, "absent a stipulation by the parties, the resulting arbitration award is nonbinding if a timely appeal is filed. The right to trial *de novo* is essential to the constitutionality of compulsory arbitration...." [1] *Valler v. Lee*, 190 Ariz. 391, 393, 949 P.2d 51, 53 (App.1997). Accordingly, while compulsory arbitration attempts to provide an alternative, streamlined means of resolving litigation concerning amounts often too low to be resolved economically through the use of traditional discovery and trial, each party retains the right to demand a jury trial. And such a trial right would be hollow if not accompanied by the right to prepare with discovery and disclosure.

¶ 11 Little efficiency would be gained from compulsory arbitration if parties were always required to undergo the full burden and expense of trial preparation before proceeding to the relatively brief and informal arbitration hearing. Yet without an incentive to gather and present meaningful evidence at the arbitration hearing, the process would quickly devolve into a time-consuming, largely meaningless waypoint on the path to trial. Rule 77 strikes a balance between these competing considerations by presumptively allowing a very short period of additional disclosure and discovery after the conclusion of

1. Because the constitution guarantees a right to a trial de novo, the label "appeal" can be misleading as applied to the post-arbitration process. The appeal involves no review of the arbitration proceeding—the latter is not a proceeding of record. Rather, the appeal is a separate, traditional civil trial at which neither the conduct of the arbitration nor its results are at issue.

the arbitration hearing. *See* Rule 77(g); *Lane v. City of Tempe*, 202 Ariz. 306, 307, ¶ 6, 44 P.3d 986, 987 (2002) (arbitration rules were developed with an eye toward encouraging good faith participation in compulsory arbitration).

¶ 12 Rule 77(g) provides in pertinent part:

In all cases in which an appeal is taken from the arbitration award, the parties shall proceed as follows:

(1) The appellant shall simultaneously with the filing of the Appeal from Arbitration and Motion to Set for Trial referenced above also file a list of witnesses and exhibits intended to be used at trial that complies with the requirements of Rule 26.1 of these rules. *If the appellant fails or elects not to file such a list of witnesses and exhibits together with the Appeal from Arbitration and Motion to Set for Trial, then the witnesses and exhibits intended to be used at trial by appellant shall be deemed to be those set forth in any such list previously filed in the action or in the pre-hearing statement submitted pursuant to Rule 75(c) of these rules.*

. . . .

(3) *The parties shall have 80 days from the filing of the Appeal from Arbitration and Motion to Set for Trial to complete discovery, pursuant to Rules 26 through 37 of these rules.*

(4) For good cause shown the court may extend the time for discovery set forth in subsection (3) above and/or allow a supplemental list of witnesses and exhibits to be filed.

(Emphasis added.) Under this approach, litigants who ignore the need to prepare for arbitration may find themselves with insufficient time to prepare for trial. But diligent litigants have the opportunity to engage in limited additional discovery that is necessary for trial though too burdensome to serve as an efficient tool in preparing for an arbitration hearing.[2]

---

**2.** For example, some expert witnesses may rightly be perceived as overkill at some arbitration hearings. Such hearings generally last only a

¶ 13 Petitioner argues that under Rule 77(g)(3), parties may proceed with discovery for 80 days after the Notice of Appeal pursuant to Rules 26 through 37, including Rules 26(e) and 26.1(b)(2), which allow disclosure of expert witnesses any time up to 60 days before trial. Respondent counters that the specific provisions of Rule 77(g)(4) dictate that any such disclosure after the time set in Rule 77(g)(1) is conditioned on the proponent making a showing of a good cause, and at the discretion of the court, arguing that these provisions prevail over the general provisions of Rules 26 through 37. We acknowledge some tension between the right to discovery and disclosure contained in Rule 77(g)(3) and the discretion allowed by Rule 77(g)(4). However, we interpret the Rule as a whole as allowing the parties their full discovery rights (albeit for only 80 days) while preserving for the court the discretion to allow *additional* discovery—not as creating a judicial impediment to the use of timely-disclosed evidence.

¶ 14 By its plain text, Rule 77(g)(1) does not establish a limitation on discovery. Instead it avoids needless expense by allowing parties to satisfy the disclosure requirements of Rule 26.1(a) via the disclosures made during arbitration. Similarly, the plain text of Rule 77(g)(4) contains no restriction on discovery. Instead, Rule 77(g)(4) grants the court discretion, on a showing of good cause, to expand discovery beyond the limits of Rule 77(g)(3).

¶ 15 This reading of Rule 77 is consistent with other provisions of the arbitration rules. For example, Rule 74(c)(3) provides:

In ruling on motions pertaining to discovery, the arbitrator shall consider that the purpose of compulsory arbitration is to provide for the efficient and inexpensive handling of small claims and shall limit discovery whenever appropriate to insure compliance with the purposes of compulsory arbitration.

The Rules contain no similar command to judges to limit discovery in preparation for a trial de novo. And it would be anomalous to

---

few hours and involve less rigorous evidentiary presentations than jury trials.

hold that while discovery should be "limited" for efficiency's sake *before* the arbitration hearing, evidence timely gathered *after* the hearing will be unavailable for use at trial absent a finding of good cause.

¶ 16 To be sure, courts are justified in vigilantly enforcing the requirement that discovery be completed within the time prescribed by Rule 77(g). Absent such enforcement, the incentive to treat the arbitration process as a serious prospect for final resolution of the case would be diminished. But when counsel act diligently to assemble and disclose evidence within the time provided by the Rules, as Cosper's counsel did here, preclusion of evidence neither comports with the text of Rule 77 nor the supreme court's direction that "[w]henever possible, procedural rules should be interpreted to maximize the likelihood of a decision on the merits." *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287, 896 P.2d 254, 257 (1995).

¶ 17 The court has the discretion to preclude endless supplemental disclosures when they cause prejudicial delay, but this case involves no such threatened harm. Here, counsel cooperatively proposed a reasonable schedule for discovery and trial. The superior court set trial more quickly than even the plaintiff requested, but gave the case only a second priority on its calendar. In these circumstances, the impending trial date furnished no basis upon which to conclude that a more modest remedy—such as permitting the Moras time to designate an expert witness or pursue such discovery as might be necessary to address Cosper's expert's opinions—would not effectively guard against undue prejudice or delay. We have held that even when a party violates the discovery rules, while

> failure to follow the disclosure rules may lead to some form of sanctions, there is little reason to completely bar the use of evidence when no trial or case-dispositive motion is pending. On the other hand, if a trial is set and imminent, the possibility of prejudice increases. In such a case the trial judge possesses considerable latitude in determining whether good cause has been shown for late disclosure. If there is no good cause, barring the introduction of

evidence not previously disclosed may be a reasonable sanction.

*Zimmerman*, 204 Ariz. at 236, ¶ 16, 62 P.3d at 981. *A fortiori*, when there has been no violation of the rules, an expedited but uncertain trial setting does not create the prejudice necessary to justify preclusion. *Compare Rivers v. Solley*, 217 Ariz. 528, 177 P.3d 270 (App.2008) (affirming dismissal of action when defendant's prior accident came to light on morning of trial).

### CONCLUSION

¶ 18 We hold that Rule 77 permits supplemental disclosure pursuant to Rules 26 through 37 within 80 days after the filing of an appeal from compulsory arbitration, without requiring that parties show good cause or obtain the permission of the court. Accordingly, we grant relief.

CONCURRING: PATRICK IRVINE and MAURICE PORTLEY, Judges.