SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| PAULINE COSPER, | ) Arizona Supreme Court |
| | ) No. CV-11-0083-PR |
| Petitioner, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-SA 10-0266 |
| THE HONORABLE JOHN CHRISTIAN REA, | ) |
| JUDGE OF THE SUPERIOR COURT OF | ) Maricopa County |
| THE STATE OF ARIZONA, in and for | ) Superior Court |
| the County of Maricopa, | ) No. CV2009-029396 |
| | ) |
| Respondent Judge, | ) |
| | ) |
| MARCO MORA and FLOR MORA, | ) **O P I N I O N** |
| | ) |
| Real Parties in Interest. | ) |
| | ) |
| _____ | ) |

Special Action from the Superior Court in Maricopa County
The Honorable John Christian Rea, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals Division One
226 Ariz. 438, 250 P.3d 215 (2011)

**VACATED**
_____


CAVANAGH LAW FIRM                                                    Phoenix
     By   Steven D. Smith
          Thomas C. Hall
          Taylor C. Young
Attorneys for Pauline Cosper

KNAPP & ROBERTS PC                                               Scottsdale
     By   David L. Abney

And

1

WILLIAM J. WOLF ATTORNEY AT LAW                          Phoenix
     By   William J. Wolf
Attorneys for Marco and Flor Mora

_____

**B R U T I N E L**, Justice

¶1      Arizona Rule of Civil Procedure 77(g)(1) requires that those appealing from arbitration awards "simultaneously with the filing of the Appeal from Arbitration and Motion to Set for Trial . . . file a list of witnesses and exhibits intended to be used at trial."  We hold that this list can only be supplemented for good cause under Rule 77(g)(4).

## I.

¶2      In September 2009, Marco and Flor Mora sued Pauline Cosper for damages arising from a car accident.  In August 2010, after mandatory arbitration, the arbitrator entered an award in favor of the Moras.  The next day, Cosper filed a notice of appeal seeking a trial de novo in superior court and a list of witnesses and exhibits.  In October 2010, Cosper filed a supplemental witness list designating a biomechanical expert and disclosing his report.  The Moras moved to strike these supplemental disclosures as untimely.

¶3      The superior court granted the motion, noting that Cosper had not attempted to show good cause for the late disclosure under subsection (g)(4).  Cosper filed a special action petition in the court of appeals.  That court accepted

jurisdiction and granted relief, holding that "Rule 77 permits supplemental disclosure pursuant to [Arizona Rules of Civil Procedure] 26 through 37 within [eighty] days after the filing of an appeal from compulsory arbitration, without requiring that parties show good cause or obtain the permission of the court." *Cosper v. Rea ex rel. County of Maricopa*, 226 Ariz. 438, 443 ¶ 18, 250 P.3d 215, 220 (App. 2011).

¶4      We granted review to clarify the requirements of Rule 77(g).  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶5      Rules 26 through 37 of the Arizona Rules of Civil Procedure govern discovery generally, and Rule 26.1 imposes disclosure obligations, including the disclosure of a party's expected witnesses and exhibits.  Rule 77 more particularly governs the resolution of cases subject to mandatory arbitration, however, by limiting the time for discovery and additional disclosures of witnesses and exhibits.

¶6      Rule 77(g) states, in pertinent part, as follows:

> (1)  The appellant shall simultaneously with the filing of the Appeal from Arbitration and Motion to Set for Trial referenced [in Rule 77(a)] also file a list of witnesses and exhibits intended to be used at trial that complies with the requirements of Rule 26.1 of these rules.  If the appellant fails or elects not to file such a list of

3

witnesses and exhibits together with the Appeal from Arbitration and Motion to Set for Trial, then the witnesses and exhibits intended to be used at trial by appellant shall be deemed to be those set forth in any such list previously filed in the action or in the pre-hearing statement submitted pursuant to Rule 75(c) of these rules.

. . . .

(3) The parties shall have 80 days from the filing of the Appeal from Arbitration and Motion to Set for Trial to complete discovery, pursuant to Rules 26 through 37 of these rules.

(4) For good cause shown the court may extend the time for discovery set forth in subsection (3) above and/or allow a supplemental list of witnesses and exhibits to be filed.

¶7 Subsection (g)(1) requires that witness and exhibit lists be filed simultaneously with the notice of appeal. An appellant who fails to file a list is limited to the witnesses and exhibits "in any such list previously filed in the action." Ariz. R. Civ. P. 77(g)(1). The rule's explicit deadline for filing witness and exhibit lists is more restrictive than the deadlines for disclosure for non-arbitration cases under Rule 26.1(b), which generally entitles parties to supplement their disclosures without leave of court up to sixty days before trial.

¶8 Subsection (g)(4) also contradicts any ongoing right

to additional disclosure.  This subsection states that "[*f*]*or good cause shown the court may* . . . allow a supplemental list of witnesses and exhibits to be filed." *Id*. (emphasis added). Parties cannot possess an automatic and unqualified right to supplement witness and exhibit lists when the rule expressly requires good cause and approval of the court.  Accordingly, the court of appeals erred in holding that the right to supplement witness and exhibit lists exists "without requiring that parties show good cause or obtain the permission of the court."  *Cosper*, 226 Ariz. at 443 ¶ 18, 250 P.3d at 220.

¶9      The court of appeals attempted to harmonize the subsections of Rule 77(g) by concluding that during the eighty day discovery period prescribed in (g)(3), parties have the right to both conduct discovery and disclose additional witnesses and exhibits.  This interpretation obviates (g)(1) by removing its mandate that witness and exhibit lists be filed concurrently with a notice of appeal.  It also means that subsection (g)(4)'s requirement of court permission to file a supplemental list does not apply until after eighty days.  But both the rule's text and the consequences of creating an ongoing eighty-day disclosure period convince us that this is not what the rule intended.

¶10      Although Cosper correctly points out that subsection (g)(3) refers to Rules 26 through 37, and Rule 26.1(b)(2)

5

generally allows parties to supplement their disclosures of intended new witnesses in civil cases, we disagree that (g)(3) creates the same right here. The rules governing non-arbitration civil cases cannot trump Rule 77(g)(1) and (g)(4), which specifically governs disclosure in appeals from arbitration awards. When a specific rule conflicts with a general one, the specific rule controls. *See In re Guardianship/Conservatorship of Denton v. Superior Court*, 190 Ariz. 152, 157, 945 P.2d 1283, 1288 (1997) (explaining that under rules of statutory construction, newer, specific statutes govern older, general statutes). Moreover, Rule 77(g) distinguishes between discovery and the filing of supplemental witness lists. *See, e.g.*, Rule 77(g)(4) ("[T]he court may extend the time for discovery set forth in subsection (3) above and/or allow a supplemental list of witnesses and exhibits to be filed."). If "discovery" in subsection (g)(3) included the supplemental disclosure of witnesses and exhibits, the specific reference to supplemental witness and exhibit lists in subsection (g)(4) would be unnecessary. *See Arizona Dep't of Revenue v. Action Marine Inc.*, 218 Ariz. 141, 143 ¶ 10, 181 P.3d 188, 190 (2008) (noting that this court will not construe text to render any of its terms meaningless).

¶11 Additionally, the court of appeals' interpretation could undermine Rule 77's goal of a prompt trial de novo.

Subsection (g)(3) sets an eighty-day period in which to finish discovery before trial. But defining discovery to include disclosure of additional witnesses would permit a party to disclose new witnesses until the eightieth day.[1] Such a witness almost certainly could not be deposed within the eighty-day limit, and either the trial court would have to extend discovery pursuant to (g)(4), or the opposing party would potentially be placed at a substantial disadvantage.

¶**12** Because Rule 77(g) requires a showing of good cause and permission of the court to file a supplemental list of exhibits and witnesses on appeal from an arbitration award, we vacate the court of appeals' opinion and affirm the superior court's order striking Cosper's supplemental witness and exhibit list.

_____
Robert M. Brutinel, Justice

---

[1] Under Rule 26.1(b)(2), parties must seek leave of the trial court to disclose witnesses and exhibits within sixty days of trial. Thus, even if Rule 26 trumped Rule 77's specific disclosure requirements, a party's right to add additional witnesses and exhibits would be contingent upon the trial date and would not automatically last eighty days.

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice