NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ELDA N. RODRIGUEZ, *Plaintiff/Appellant*,

*v.*

MARIA GUADALUPE ORTEGA PLACIDO, *Defendant/Appellee*.

No. 1 CA-CV 23-0357
FILED 5-2-2024

Appeal from the Superior Court in Maricopa County
No.  CV2020-009024
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Chaidez Law Firm, PLLC, Phoenix
By Jose L. Chaidez
*Counsel for Plaintiff/Appellant*

Zazueta Law, PLLC, Phoenix
By Fabian Zazueta, Garrett Respondek, Oscar Fimbres
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

---

**M O R S E**, Judge:

¶1　　　　Elda N. Rodriguez appeals the superior court's grant of summary judgment to Maria Guadalupe Ortega Placido.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　On June 30, 2020, a fire started at Placido's home and spread to Rodriguez's home.  Rodriguez filed suit and submitted a certificate of compulsory arbitration.

¶3　　　　In November 2020, the court determined the matter was subject to compulsory arbitration and transferred the case for the appointment of an arbitrator.  The arbitrator held a hearing and filed a "Notice of Decision" in July 2021 and entered an award in favor of Rodriguez in August 2021.  Placido appealed.  The court set an initial conference for October 2021.

¶4　　　　At the October 2021 conference, the court scheduled a three-day jury trial and ordered the parties to participate in a mandatory settlement conference.  The court set a settlement conference for March 28, 2022, and the parties were required to submit memoranda no later than March 21.  Rodriguez submitted a memorandum claiming negligence and trespass.  Following the settlement conference, the parties moved to stay the action to allow Rodriguez an opportunity to pursue a claim under her homeowner's insurance policy.  The court granted the parties' motion, staying the matter until July 14, 2022.

¶5　　　　In July 2022, the court reset the trial to January 2023 and set a final trial management conference for December 2022.  In October 2022, Placido moved for summary judgment.  Rodriguez did not respond, and Placido moved for a summary adjudication on her summary judgment motion.  The court granted Placido's motion for summary judgment at the December 2022 conference and ordered Placido to submit a "form of judgment."  The court entered that judgment, and Rodriguez timely

appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

### I. Summary Judgment Motion.

¶6 Rodriguez argues the court erred in granting summary judgment to Placido based on a lack of disclosure. Pursuant to Arizona Rule of Civil Procedure ("Rule") 56(a), summary judgment is appropriate only if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. We review de novo the court's application of the law and its determination that no genuine disputes of material fact preclude summary judgment. *Takieh v. O'Meara*, 252 Ariz. 51, 56, ¶ 11 (App. 2021). We view the evidence and all reasonable inferences in the light most favorable to the non-movant and will affirm "if the evidence produced in support of the defense or claim has so little probative value that no reasonable person could find for its proponent." *Id.* (quoting *State Comp. Fund v. Yellow Cab Co. of Phx.*, 197 Ariz. 120, 122, ¶ 5 (App. 1999)).

¶7 To support her claim for negligence, Rodriguez must establish that (1) Placido breached a certain standard of care, (2) a causal connection exists between Placido's conduct and the resulting harm, and (3) Rodriguez suffered actual damages. *See Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). As to her trespass claim, Rodriguez must show that Placido intentionally caused the fire to spread to her home. *See Taft v. Ball, Ball & Brosamer, Inc.*, 169 Ariz. 173, 176 (App. 1991) (quoting Restatement (Second) of Torts § 158 (1965)). In her motion for summary judgment, Placido argued that Rodriguez's claims were unsupported by any evidence that (1) she proximately and directly caused damages to Rodriguez's home, (2) would allow Rodriguez to calculate her damages with reasonable certainty, and (3) she intentionally caused the fire to spread to Rodriguez's home.

¶8 Here, the court granted Placido's summary judgment motion because Rodriguez failed to respond to the motion and "never disclosed witnesses, exhibits, or a calculation of damages." The parties do not dispute that Rodriguez failed to respond to Placido's summary judgment motion. But a "failure to respond to a motion for summary judgment with a written memorandum or opposing affidavits cannot, by itself, entitle the moving party to summary judgment." *Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 15 (App. 2004). Because the moving party carries both the burden of showing that no genuine dispute of material fact exists and that the uncontroverted evidence would entitle her to judgment as a matter of law, courts cannot

grant summary judgment solely on the failure to file a timely response. *Id.* at 60–61, ¶¶ 15–16, 20; *see Zimmerman v. Shakman*, 204 Ariz. 231, 237, ¶ 21 (App. 2003) (stating that a summary adjudication under Rule 7.1(b), "is not mandatory, and the failure to respond does not in and of itself authorize a judgment against the nonmoving party if the motion fails to demonstrate the movant's entitlement to the requested relief").

¶9        As to the failure to disclose witnesses, exhibits, and damages calculations, Rodriguez argues that she filed a settlement conference memorandum that "outlined the facts, legal theories and provided the necessary disclosure to place Placido on notice of [her] case." Disclosures after an appeal from an arbitrator's award are governed by Rule 77(f). The party appealing the arbitrator's award may simultaneously serve a "List of Witnesses and Exhibits Intended to be Used at Trial" that complies with Rule 26.1. Ariz. R. Civ. P. 77(f)(2). The non-appealing party may also serve a "List of Witnesses and Exhibits Intended to be Used at Trial" that complies with Rule 26.1 no later than 20 days after the notice of appeal is served. Ariz. R. Civ. P. 77(f)(3). If any party fails to timely serve a "'List of Witnesses and Exhibits Intended to be Used at Trial,' that party's trial witnesses and exhibits will be deemed to be those set forth in any such list previously filed in the action or in the prehearing statement submitted under Rule 75(b)." Ariz. R. Civ. P. 77(f)(4); *see Cosper v. Rea*, 228 Ariz. 555, 557, ¶ 10 (2012) ("The rules governing non-arbitration civil cases cannot trump Rule 77 . . . , which specifically governs disclosure in appeals from arbitration awards.").

¶10       Rodriguez did not submit a Rule 26.1 disclosure statement before arbitration nor did she submit a "List of Witnesses and Exhibits Intended to be Used at Trial" following the appeal from arbitration. *See* Ariz. R. Civ. P. 77(f)(3). Even if we were to assume the settlement conference memorandum constitutes a "List of Witnesses and Exhibits Intended to be Used at Trial," Rodriguez did not timely serve it under Rule 77(f)(3). Nor did Rodriguez request permission from the court to file a supplemental list of witnesses and exhibits under Rule 77(f)(6). *See Cosper*, 228 Ariz. at 555, ¶ 1 ("We hold that this list can only be supplemented for good cause under Rule 77 . . . ."). Rule 77(f)(4), however, provides that if "any party does not serve a timely 'List of Witnesses and Exhibits Intended to be Used at Trial,' that party's trial witnesses and exhibits will be deemed to be those set forth in any such list previously filed in the action or in the prehearing statement submitted under Rule 75(b)." Rodriguez did not file a prehearing statement before arbitration, but the arbitrator's "Notice of Decision" notes that Rodriguez submitted the "insurance policy for her home and the fire department report of the fire" and that he heard testimony from Rodriguez. But Rodriguez did not rely on this evidence

during the final trial management conference nor does she rely on this evidence in her opening brief to argue that genuine disputes of material fact exist regarding causation, damages, or trespass. Rodriguez only points out that "Placido was well aware of the cause of action as they had participated in the Arbitration and received the notice of arbitration decision."

¶11　　　On this record, Rodriguez failed to provide any admissible evidence to prove Placido's alleged negligence or trespass. Though Rodriguez's complaint contains general allegations of her claims and the record shows Rodriguez produced responses to Placido's discovery requests to support her claims, she "may not rely merely on allegations or denials of [her] own pleading[s]." Ariz. R. Civ. P. 56(e). Additionally, at the final trial management conference, Rodriguez failed to "call the court's attention to evidence overlooked or ignored by" Placido or to explain why the motion should have otherwise been denied. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008); *see Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 10 n.4 (App. 2009) ("There are differing views expressed in the case law as to whether an appellate court or a trial court must perform an independent search of the record for facts not presented by a party opposing summary judgment.") (collecting cases). Moreover, though Rodriguez's discovery responses disclosed the fire department's report of the incident, the court "had no ability to discern" what the evidence at arbitration disclosed or whether it raised factual issues sufficient to defeat summary judgment. *See Tilley*, 220 Ariz. at 237, ¶ 10 ("This is not a case where the trial judge could have independently searched the record and discovered evidence that placed factual matters in dispute, to the extent that such a search was required."). Thus, Rodriguez failed to establish a genuine dispute of material fact as to her negligence and trespass claims, and Placido is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a).

## II.　　Motion to Continue.

¶12　　　Rodriguez argues the court abused its discretion by denying her motion to continue. We review the court's denial of a motion to continue for an abuse of discretion, *Nordale v. Fisher*, 93 Ariz. 342, 345 (1963), and "affirm where any reasonable view of the facts and law might support the judgment," *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985). The court may grant a motion to continue if the moving party establishes good cause. *Nordale*, 93 Ariz. at 345.

¶13　　　Rodriguez specifically argues that "under the facts in the instant case" the court abused its discretion when it denied her oral motion to continue. At the final trial management conference, the court asked

Rodriguez's counsel ("Counsel") to explain "why" he did not respond to Placido's motion for summary judgment. In response, Counsel requested to go off-the-record to discuss the matter. The court told Counsel to "refer to it in general terms," and that it wanted the discussion "to be had on the record." Counsel noted that he had been "dealing" with some family issues that "caused a number of delays," including responding to the motion for summary judgment and requesting a "continuance of the actual trial date." The court then asked Counsel several follow-up questions.

**Court**: "You did not file a pretrial statement, correct?"

Counsel: "Correct, Your Honor."

**Court**: "You have not provided a disclosure statement ever in this case, am I correct?"

Counsel: "I believe so. Yes, Your Honor."

**Court**: "You believe that I'm correct?"

Counsel: "Yes."

**Court**: "[I]s the reason you never provided [Placido's counsel] a disclosure statement, because you were dealing with those personal matters?"

Counsel: "No, Your Honor, no."

**Court**: "I take it because you never provided a disclosure statement, you've never told him your witnesses, your exhibits, correct? Or is that not correct?"

Counsel: "I believe the Court is correct."

**Court**: "You've never provided a calculation of damages like Rule 26.1 requires?"

Counsel: "No, Your Honor."

**Court**: "When the motion for summary judgment was filed, did you receive that motion?"

Counsel: "I did receive that motion."

**Court**: "Why didn't you ask for a continuance at that time? Why have you waited until now to orally request a continuance and not file a written request, either to extend the time for summary judgment or to continue the trial?"

Counsel: "Your Honor, I didn't file anything because I felt it was more appropriate to address it at this particular hearing . . . ."

**¶14**        Under these facts, the court could reasonably find Counsel could not establish good cause to continue the case based on his failure to move to extend the time to respond to Placido's motions, make the proper disclosures, and submit a pretrial statement as required by the court. *See, e.g.*, *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 144–45 (App. 1987) (denying the defendants' motion for relief for failing to file a witness and exhibit list and making untimely objections to the plaintiffs' certificate of readiness); *Flynn v. Cornoyer-Hedrick Architects & Planners, Inc.*, 160 Ariz. 187, 191 (App. 1988) (concluding the court did not abuse its discretion by denying the motion to continue based on a lack of prosecution and failing to act promptly in seeking a continuance). Thus, the court did not abuse its discretion in denying Rodriguez's motion to continue.

## CONCLUSION

**¶15**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA