NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHESTER LEE MARKS, *Plaintiff/Appellant*,

v.

AMBER NICOLE DIXON, *Defendant/Appellee*

No. 1 CA-CV 17-0705
FILED 6-12-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-009430
The Honorable Teresa A. Sanders, Judge

**JUDGMENT VACATED**

COUNSEL

Chester Lee Marks, Phoenix
*Plaintiff/Appellant*

Law Offices of Collin T. Welch, Phoenix
By Rachel Christine Wolf
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

**W E I N Z W E I G**, Judge:

¶1 Chester Lee Marks appeals the superior court's award of monetary sanctions against him under Rule 37, Ariz. R. Civ. P. We vacate the award.

## FACTS AND PROCEDURAL BACKGROUND

¶2 This is a personal-injury action arising from a car crash in November 2015. Amber Dixon crashed her car into Marks' car when she prematurely turned left and failed to yield to oncoming traffic. Police issued her a traffic citation for violating A.R.S. § 28-772. Dixon did not and does not contest the charge.

¶3 Dixon's insurer accepted liability for the collision and paid $2,342.09 to Marks for damages to his vehicle. Marks sued Dixon in July 2016, alleging the accident caused him back injuries, anxiety and panic attacks. He originally represented himself. Dixon answered that "her negligence caused the accident" but denied injuring Marks and disputed the nature and extent of his alleged injuries. Marks served his initial disclosure statement under Ariz. R. Civ. P. 26.1(a)(1) within 30 days of the answer. He listed four witnesses, including a physician and nurse who would testify about "MRI Image and X-Ray reports." He did not identify the medical records as relevant documents or provide copies.

¶4 The superior court assigned the lawsuit to compulsory arbitration, where the case languished for over a year as it cycled through three different arbitrators. Eventually, Marks hired a lawyer, and shortly thereafter, the first arbitrator scheduled an arbitration hearing for January 6, 2017.

¶5 In the final week before the hearing, a series of interrelated events occurred that convinced the arbitrator to first postpone the hearing and then recuse herself. First, around a week before the hearing, Marks' attorney moved for permission to withdraw because Marks had insisted on filing his own motions and was "unwilling to follow instruction." The superior court eventually granted the motion, but not until January 23, 2017.

¶6 Then, three days before the hearing, Marks appeared at the arbitrator's office. He was uninvited, unannounced and alone, yet still represented by counsel. He asked "to set up a meeting to have documents [i]nspected" for the hearing. The arbitrator told Marks the deadline for submitting his documents was the next day and he could leave them with

her.  Marks left no exhibits.  He did, however, return the next day, seeking another meeting with the arbitrator "to have documents inspected and mark[ed] as exhibits."  The receptionist told Marks the arbitrator was not available.  Marks left.  He declined to leave the exhibits.

¶7            Finally, only a day before the hearing, the arbitrator had still "not received any documentation from either side" and the court had not yet addressed Marks' counsel's motion to withdraw.  The arbitrator thus postponed the hearing.  She advised the court and notified the parties by both phone and email, but "had to leave a voicemail for [Marks] as he did not answer."

¶8            Marks objected to the postponement because he had subpoenaed a witness to attend the hearing as originally scheduled.  Marks then sued the arbitrator in federal court for a "civil rights" violation on January 24, 2017.  The arbitrator asked to be excused from the superior court case, explaining, "The plaintiff has filed a lawsuit against me in U.S. District Court.  I believe that could create a conflict of interest."  The superior court excused the arbitrator and granted permission for Marks' counsel to withdraw.  The court also appointed a second arbitrator, but she promptly recused herself based on a conflict of interest.

¶9            Again representing himself, Marks moved for summary judgment in superior court on April 3, 2017, and filed a proposed scheduling order pursuant to Ariz. R. Civ. P. 16(b).  Marks attached three documents to his summary judgment motion, including (1) one page of physician notes from a recent visit to The Core Institute, (2) a medical history questionnaire from ATI Physical Therapy, and (3) the docket from Dixon's traffic court proceeding.  According to the physician's notes, Marks "present[ed] with MRIs today and would like me to assess what could have been caused by the car accident."  The physician wrote that the thoracic and lumbar MRIs did *not* indicate that Marks suffered injuries from the car accident, but said he still believed the accident caused Marks low back pain "in spite of the lack of acute findings on his December 2015 MRI."

¶10          Dixon responded to the summary judgment motion, asserting that genuine issues existed as to causation and damages and that "several of the documents attached to Plaintiff's Motion for Summary Judgment have never been produced in this case."  Dixon also objected to the proposed scheduling order as unnecessary and improper given the case was subject to compulsory arbitration.

¶11        The superior court denied Marks' summary judgment motion on May 17. It found genuine issues of material fact, including "the extent of Plaintiff's alleged injuries, Plaintiff's treatment, and whether Plaintiff's alleged injuries were caused by the collision." The court stated that the arbitrator would first resolve the issues as trier of fact, but "[i]n the event of an appeal from the Arbitration, these issues will be up to the jury." The court also refused to enter Marks' proposed scheduling order because Rule 16(b) does not apply in compulsory arbitration.

¶12        Meanwhile, the court appointed a third and final arbitrator. The arbitrator filed a notice of arbitration hearing on June 14, scheduling an arbitration hearing for June 28, 2017. The arbitrator sent copies of the notice to the parties by mail and email.[1] The notice directed "[t]he parties shall submit their arbitration memorandums by no later than Friday, June 23[,] 2017."

¶13        Marks submitted his prehearing statement as directed, on June 23. He also submitted an "evidentiary disclosure pursuant to Rule 75," which identified various medical records he intended to offer at the hearing, including "X-RAY-Lumbosacral Spine, MRI-Lumbar Spine W/O Contrast, AZ Tech Radiology Report Thoracic spine with and without contrast, Better Healthy facets finding result, and Core Institute Scoliosis Exam Result, and A.T.I. Physical Therapy." Marks did not attach the actual exhibits to his prehearing statement.

¶14        Marks did not appear for the arbitration hearing on June 28. The arbitrator filed a notice of his decision the following day, finding in favor of Dixon and against Marks and directing Dixon to submit "a proposed form of award, an affidavit in support of attorneys' fees, if attorneys' fees are recoverable, and a verified statement of costs." The arbitrator entered Dixon's proposed arbitration award on July 18, which stated the arbitrator reached his decision after "review[ing] the submissions of counsel and Plaintiff, *pro se*, and based upon Plaintiff's failure to attend." He awarded Dixon $775.80 "as taxable costs and sanctions." Marks never appealed the arbitration award.

---

[1]        The arbitrator provided inadequate notice of the hearing under Ariz. R. Civ. P. 74(c), which requires "at least 30 days' written notice of the hearing's time and place, unless waived by the parties." Marks never appealed the arbitration award on any basis, however, and so waived any argument about the scheduling of the hearing. Ariz. R. Civ. P. 77(e).

¶15        After prevailing, Dixon filed a "Rule 37(f) Motion for Discovery Sanctions" in the superior court that requested an award of attorney's fees and costs under "Rule 37(c)-(f)."  Dixon offered various arguments for Rule 37 sanctions.  At one point, she argued for "an award of attorney's fees as sanctions for having to defend this action," emphasizing that she "was declared the successful party in this matter." She also pointed to alleged misconduct: (1) Marks failed to produce his medical records, (2) failed to attend the deposition of a third party, and (3) failed to attend the arbitration hearing.  Dixon argued she "has been prejudiced by Plaintiff's failures in this matter, especially in her ability to defend against the Plaintiff's claimed injuries."  Marks responded.  He said he never received notice of the arbitration, accused Dixon's lawyer and the arbitrator of fraud and threatened criminal charges against both.[2]  Marks generally asserted he shouldn't be sanctioned but never countered Dixon's arguments or mentioned Rule 37.

¶16        The superior court granted the motion for Rule 37 sanctions without comment in a minute entry dated August 28, 2017.  The minute entry provided no direction on next-steps. Dixon filed an application for attorney's fees and costs, supporting affidavit and proposed form of judgment.  She sought an award of *all* attorney's fees incurred in defending the lawsuit:  $6,707.00 in attorney's fees and $775.80 in costs.  Marks never responded or objected.  The court signed the proposed form of judgment on October 12, 2017, granting Dixon's full request for $7,482.80 in costs and attorney's fees.

¶17        Marks timely appealed the judgment for Rule 37 sanctions. We have jurisdiction pursuant to Ariz. Const. art. VI, § 9, and A.R.S. § 12-2101(A)(1).   We emphasize, however, the limited scope of this appeal. Marks never appealed the underlying arbitration award to the superior court under Ariz. R. Civ. P. 77(a)-(b) and, indeed, waived his right to appeal the award with his non-appearance at the arbitration hearing under Ariz. R. Civ. P. 75(g).  Therefore, the arbitration award is final and not before us. At issue here is only the propriety of Rule 37 sanctions.

## DISCUSSION

¶18        We review a superior court's award of Rule 37 sanctions for an abuse of discretion, *Roberts v. City of Phoenix*, 225 Ariz. 112, 119, ¶ 24

---

[2]        Marks lodged a criminal complaint against the third arbitrator for engaging in "fraudulent schemes."

(App. 2010), and legal error constitutes an abuse of discretion, *Romer-Pollis v. Ada*, 223 Ariz. 300, 302-03, ¶ 12 (App. 2009).

**¶19** Rule 37 concerns discovery abuses. It allows parties to compel disclosure or discovery and identifies a range of sanctions for various forms of discovery misconduct. Dixon generally cited subsections (c)-(f) in her motion. Only subsection (c) potentially applies here, however, because Dixon never argued that Marks withheld unfavorable information under Rule 37(d); failed to answer a request for admission under Rule 37(e); failed to appear for his own deposition under Rule 37(f); or failed to respond to interrogatories or requests for production under Rule 37(f).

**¶20** Rule 37(c) has two relevant provisions. Rule 37(c)(2) permits the superior court to award reasonable costs, including attorney's fees, against a party who knowingly makes an inaccurate or incomplete disclosure under Rule 26.1. Rule 37(c)(3) permits the court to award reasonable expenses, including attorney's fees, against a party who fails to timely disclose information, a witness or a document required by Rule 26.1, but only if the reasonable expenses are "caused by the failure."

**¶21** The sanction at issue was not appropriate under Rule 37(c). To begin, the plain language of Rule 37 limits the scope of available sanctions to reasonable expenses "caused by the failure" to make timely disclosure. Ariz. R. Civ. P. 37(c)(3)(A); *see Taliaferro v. Taliaferro*, 188 Ariz. 333, 341 (App. 1996) (monetary sanctions "should bear some relationship to the expenses directly caused by the sanctionable conduct"). The superior court, however, mistakenly deployed Rule 37 to shift *all* attorney's fees and costs incurred in defending the lawsuit – without regard or reference to the alleged discovery abuse.

**¶22** Furthermore, Rule 37 must not be confused with fee-shifting statutes in the vein of A.R.S. § 12-341, where a loss on the merits might mean that one must cover all reasonable attorney's fees and costs incurred by the prevailing party. The purpose of Rule 37 is to deter discovery and disclosure misconduct; it's not intended to encourage parties to seriously consider merits of their claims and defenses. *See Souza v. Fred Carries Contracts, Inc.*, 191 Ariz. 247, 250 (App. 1997) ("Rule 37(a) and (b) . . . are designed to compel reasonable discovery and to provide sanctions when there has been a failure to comply with an order compelling discovery.").

**¶23** Yet Dixon argues that we should affirm the court's Rule 37 sanctions and award her all attorney's fees and costs incurred in defending this lawsuit. She first contends that Marks "has presented no evidence that

the [superior court] abused its discretion in awarding these attorney's fees to [Dixon] for having to defend an ultimately frivolous claim" and emphasizes she prevailed in arbitration. But Rule 37 provides no relief for frivolous litigation. Rule 37 instead regulates discovery and disclosure abuse. *See Mission Ins. Co. v. Cash, Sullivan & Cross*, 170 Ariz. 105, 110 (App. 1991) (Rule 37 "deals with the microcosm of discovery problems and permits the court to exercise its discretion in imposing a range of sanctions for the many varieties and degrees of discovery abuses."), *disapproved on other grounds*, *Pazino v. City of Phoenix*, 196 Ariz. 442, 445 n.3 (2000).[3]

**¶24**        Dixon also argues that Rule 37 sanctions were proper because Marks never showed for a third-party deposition or the arbitration hearing. But here again, neither form of misconduct implicates Rule 37. Rule 37 does not authorize sanctions for failure to attend an arbitration hearing. And while sanctions are available under Rule 37(f) if Marks did not show for his own deposition, the same is not true for third-party depositions.[4]

**¶25**        Last, Dixon argues that sanctions were proper under Rule 37 because Marks should have produced his medical records under Rule 26.1. But the record does not reflect that Dixon suffered harm or prejudice from any alleged Rule 26.1 violation. Ariz. R. Civ. P. 37(c)(1), (3); *see Zimmerman v. Shakman*, 204 Ariz. 231, 235-36, ¶¶ 14, 16-17 (App. 2003). The assessment of prejudice is fact-and-situation specific. *Marquez v. Ortega*, 231 Ariz. 437, 442, ¶ 20 (App. 2013). Dixon insists that she suffered prejudice "in defending the underlying action," but Marks only harmed himself by not

---

[3]        To be clear, Dixon had options to recover sanctions against Marks if she thought he was pursuing frivolous litigation. For instance, A.R.S. § 12-349 authorizes the superior court to impose reasonable attorney's fees, expenses and double damages not to exceed five thousand dollars against parties and attorneys who file and press meritless lawsuits. A.R.S. § 12-349(A) (sanctions available against a party who brings claim "without substantial justification"); *see also* Ariz. R. Civ. P. 11 (sanctions available against an attorney who brings frivolous lawsuit). But she only sought and obtained Rule 37 sanctions.

[4]        Although irrelevant to our decision, we are not persuaded by Marks' argument that he never received notice of the hearing. The arbitrator emailed the notice to Marks at the email address he had used throughout the lawsuit. And, Marks actually complied with one directive in the same notice, which directed the parties to submit their arbitration memoranda "no later than Friday, June 23[,] 2017." Marks submitted his memorandum on June 23.

offering any evidence, including medical records, to prove his personal injury claim. At bottom, Marks' failure to produce *any* evidence to meet his burden of proof cemented Dixon as the prevailing party. It would be different, of course, if Marks had appeared at the arbitration hearing and the arbitrator allowed him to use evidence he had not disclosed. *See* Rule 37(c), State Bar Committee Note to 1996 and 1997 Amendments (explaining that prejudice is inevitable when evidence is produced at trial and "[l]ate disclosure will prejudice the opposing party if there is insufficient time to investigate and fully prepare a rebuttal"). But he didn't.

## CONCLUSION

¶26 For the foregoing reasons, we vacate the award of sanctions against Marks under Rule 37.



AMY M. WOOD • Clerk of the Court
FILED: AA