868 P.2d 993

**Ronald JONES, a Single Man, Petitioner,**

**v.**

**The Honorable Robert B. BUCHANAN, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**Edward C. LOPEZ and Mercy Lopez, Husband and Wife, Real Parties in Interest.**

**No. 2 CA–SA 93–0096.**

Court of Appeals of Arizona, Division 2, Department A.

Aug. 26, 1993.

Review Denied March 16, 1994.

---

Bury, Moeller, Humphrey & O'Meara by David C. Bury and Jonathan H. Grinder, Tucson, for petitioner.

Robert S. Wolkin, Tucson, for real parties ·in interest.

## OPINION

FERNANDEZ, Judge.

In this special action, we are called upon to determine whether the respondent trial court properly applied the recently amended discovery rules, specifically Ariz.R.Civ.P. 26.1, 16 A.R.S. Traditionally, this court is loath to become involved in a pretrial discovery dispute. *See Duquette v. Superior Court*, 161 Ariz. 269, 778 P.2d 634 (App.1989). However, given the supreme court's intent in adopting the ˙amendments to effect a dramatic change in the manner in which discovery is conducted, *see* Ariz.R.Civ.P. 26.1 court comment, the absence of any appellate decisions on the amendments, and the statewide importance of the issues, we believe it appropriate to accept jurisdiction. Because we conclude that the trial judge failed "to perform a duty required by law as to which he has no discretion," Ariz.R.P.Spec.Actions 3(a), 17B A.R.S., we grant relief.

The complaint in this case was filed in June of 1992, shortly before the effective date of the amendments to the rules. Although the record is not entirely clear, it appears that the real parties in interest Lopez seek damages for injuries Mr. Lopez allegedly suffered as a result of a slip and fall on the premises of petitioner/defendant Jones's service station. Jones answered on June 25 and simultaneously submitted interrogatories to Lopez. On August 14, 1992, the parties stipulated to a 90–day extension of the time for filing the disclosure statements required by Rule 26.1.

Lopez has never filed a disclosure statement, nor did he answer the interrogatories until November 10. In those answers, he disclosed that he would˙ be calling an "unknown expert in human factors; will be disclosed when known." In response to questions regarding expert and medical witnesses, the only names disclosed were those of Lopez's treating physicians, including Dr. Luis Aguilar. A trial date of May 13, 1993, was set on September 15.

Dr. Aguilar, who was Mr. Lopez's physician both prior to and after the fall, was deposed by Jones on March 17, 1993. To Lopez's apparent surprise, Dr. Aguilar denied any causal relationship between the fall and Mr. Lopez's injuries. Specifically, he was asked:

Q. So to a reasonable degree of medical probability, then, the infection and necrosis in Mr. Lopez' leg is not connected to the slip and fall he had in February of 1992?

A. No.

On April 28, 1993,[1] Lopez filed a pretrial statement listing, for the first time, Dr. Gary Bakken as a human factors expert. Dr. Bakken's report to Lopez, which Jones did not receive until May 3, was dated April 30. On April 29, 1993, Lopez filed an amended pretrial statement disclosing for the first time Dr. Steven Wool as a witness "who will testify that there is a causal relationship between the fall of February 14, 1992 . . . the strep infection and subsequent surgeries."

---

1. Although the original pretrial statement is not part of the record before us, Lopez has not

disputed Jones's allegation that it was filed on April 28, 1993.

The next day, Lopez filed a motion to continue or stay the May 13 trial and a motion to expand disclosure. The grounds asserted for the latter motion were as follows:

2. Plaintiff has recently obtained evidence in the nature of testimony of Dr. Steven Wool that plaintiff's massive leg injuries are causally related to his fall at the Texaco station in April of 1992. This evidence only became necessary after the deposition of Dr. Luis Aguilar who mistakenly testified that no such causal relationship exists. Dr. Aguilar's deposition was taken March 17, 1993 and that transcript was received on March 30, 1993.

Dr. Wool arrived at and communicated his conclusions to Plaintiff's counsel on April 29, 1993 and the amended pre-trial statement was faxed to defense counsel on the same day adding Dr. Wool as a witness.

3. Plaintiff also seeks to use the testimony of Dr. Gary Bakken who is known to this court as an expert in human factors and Industrial Engineering. Plaintiff disclosed an expert in human factors would be used in the answers to defendant's non-uniform interrogatory # 4 on November 10, 1992. Dr. Bakken was listed on the pre-trial statement. Counsel for plaintiff also informed defense counsel of Dr. Bakkens [sic] identity and involvement in the case by telephone on or about February 23, 1993.

Jones opposed the motion to expand disclosure on the grounds that Lopez had failed to file a disclosure statement, failed to supplement disclosure not later than 60 days before trial, and generally failed to exercise diligence in preparing his case. He also moved in limine to preclude the testimony of these two witnesses. Without explanation, the trial court granted the motion to expand disclosure to include the two witnesses and reset the trial for September 14.

Rule 26.1, which governs the issues raised here, provides in pertinent part:

(a) **Duty to Disclose, Scope.** Within the times set forth in subdivision (b), each party shall disclose in writing to every other party:

\* \* \* \* \* \*

(6) The name and address of each person whom the disclosing party expects to call as an expert witness at trial, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, the qualifications of the witness and the name and address of the custodian of copies of any reports prepared by the expert.

\* \* \* \* \* \*

(b) **Time for Disclosure; A Continuing Duty.**

(1) The parties shall make the initial disclosure required by subdivision (a) as fully as then possible within forty (40) days after the filing of a responsive pleading to the Complaint ... unless the parties otherwise agree, or for good cause, the Court shortens or extends the time. . . .

(2) The duty prescribed in subdivision (a) shall be a continuing duty, and each party shall make additional or amended disclosures whenever new or different information is discovered or revealed. Such additional or amended disclosures shall be made seasonably but in no event more than thirty (30) days after the information is revealed to or discovered by the disclosing party, but in no event later than sixty (60) days before trial except by leave of court.

(3) All disclosures shall include information and data in the possession, custody and control of the parties as well as that which can be ascertained, learned or acquired by reasonable inquiry and investigation.

(c) **Exclusions of Undisclosed Evidence.** In addition to any other sanction the court may impose, the court **shall** exclude at trial any evidence offered by a party that was not timely disclosed as required by this rule, except by leave of court for good cause shown, and no party shall be permitted to examine that party's witness to prove facts other than those

identified in the written disclosure to the party's opponents except by leave of court for good cause shown. (Emphasis added.)

In brief, the rule mandates that 1) required disclosure, including expert witnesses, be made within 40 days after the answer is filed, 2) the parties continue to disclose information set forth in the rule which they possess or which they can learn or acquire by reasonable investigation, 3) all supplemental disclosure be made not later than 60 days before trial, and 4) unless good cause is shown, the trial court exclude any evidence which is not disclosed in accordance with the rule.

It is undisputed that Lopez never filed a disclosure statement. Even if his answers to Jones's interrogatories could be considered the substantial equivalent, it is clear that the subsequent "amendments" were untimely, coming less than two weeks before trial. With respect to Dr. Wool, the violations are obvious, as his name was not even mentioned prior to April 29.

With respect to Dr. Bakken, even assuming that his name was orally disclosed to Jones in February, the rule clearly requires that disclosure be in writing. The obvious and important purpose of this requirement is to prevent disputes such as this over whether and when the witness was identified. Opposing counsel cannot be expected to pursue discovery with respect to an expert until a party has formally identified him or her as serving in that capacity. Moreover, Dr. Bakken's report was not completed until two weeks prior to trial. Lopez did not even attempt to comply with the remaining disclosure requirements of Rule 26.1(a)(6) until then. It is unrealistic and unfair to expect a party to be able to respond to such dilatorily disclosed evidence, and the clear purpose of the rules was to protect against just this situation.

Given Lopez's clear violation of the rules, preclusion of the evidence by the trial court was mandatory absent a showing of good cause. Ariz.R.Civ.P. 26.1(c). No attempt was made to show good cause with respect to Dr. Bakken or his report, other than to state that his name had been orally disclosed within the time limits. As to Dr. Wool, Lopez's explanation was that he was unaware of Dr. Aguilar's "mistaken" conclusions until he was deposed by opposing counsel—this, despite the fact that Dr. Aguilar had been the treating physician since before the accident. Neither explanation can be considered "good cause" within the meaning of the rule and, indeed, point to the underlying reason for the untimely disclosure: failure to exercise reasonable diligence in preparing the case.

Although the thrust of the commentary on the amendments to the rules is directed toward the overuse of discovery devices and attempts to obfuscate and withhold evidence, the rules are primarily designed to promote the prompt, thorough investigation and preparation of a case. This is most evident in the requirement of Rule 26.1(b)(3) that disclosure include not only information in a party's possession but also "that which can be ascertained, learned or acquired by reasonable inquiry and investigation." Reasonable inquiry and investigation in this case would have revealed to Lopez at an early date that Dr. Aguilar's testimony would not support his case. Absent any evidence to the contrary, we presume that it would also have produced Dr. Bakken's report in a timely manner. Given the clear intent of the rules, untimely disclosure can never be excused where, as in this case, it is solely the result of a failure to engage in timely trial preparation.

Because Lopez failed to show good cause for his untimely disclosure of these two experts, the trial court had no choice but to exclude their testimony. Ariz.R.Civ.P. 26.1(c). That this was the intent of the State Bar Committee and the supreme court is evident in the observations of Justice Zlaket, who chaired the committee which drafted the amendments:

> The new rules clearly cannot succeed without active involvement of the courts. The Commission on the Courts recommended *mandatory* sanctions for those who abuse the system. The rules provide such sanctions. Judges have all the clout needed to make the rules work. Although some argue that judges have always had the power to sanction lawyers and parties who would not abide by the rules, experience shows that this power has rarely been

invoked. Perhaps this is because there was no clear mandate in the rules and case law, or among members of the profession, and judges had little guidance with respect to sanctionable conduct. The developing legal culture, however, demands that judges get actively and aggressively involved. The committee believes that the majority of the bar and the public consider such judicial management to be essential.

Thomas A. Zlaket, *Encouraging Litigators to Be Lawyers: Arizona's New Civil Rules*, 25 Ariz.St.L.J. 1, 8 (1993) (footnotes omitted, emphasis original). We cannot read Rule 26.1(c) other than as it is written. No good cause appearing for the untimely disclosure, the trial court had no discretion but to exclude the evidence.

The order of the trial court is vacated, and the matter is remanded with directions to order exclusion of evidence from Dr. Bakken and Dr. Wool.

LIVERMORE, P.J., and LACAGNINA, J., concur.