62 P.3d 976

**Richard B. ZIMMERMAN, Plaintiff–Appellant,**

v.

**Robert SHAKMAN, Defendant–Appellee.**

**No. 1 CA–CV 02–0012.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 11, 2003.

---

Renaud, Cook & Drury, P.A. By Michael Salcido, Phoenix, Attorneys for Appellant.

Kessler Law Offices By Eric W. Kessler, Mesa, Attorney for Appellee.

## OPINION

IRVINE, Judge.

¶ 1 Richard Zimmerman challenges the trial court's order dismissing this case. In the proceedings below, the trial court granted Robert Shakman's motion in limine to preclude the introduction of evidence by Zimmerman. Shakman then moved to dismiss the complaint on the grounds that Zimmerman could not prove his case at trial because he could not introduce evidence. The trial court granted the motion.

¶ 2 The issue raised in this appeal is whether the trial court properly barred the introduction of any evidence by the plaintiff for nondisclosure and then dismissed the case for lack of evidence. We hold that these actions are the equivalent of a dismissal for nondisclosure and must be accompanied by an evidentiary hearing to determine whether the party or his attorney was at fault. Accordingly, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 3 In September 1995, Richard Zimmerman sued Robert Shakman and three related businesses, alleging breach of promissory notes, fraud, and breach of contract. The case against Shakman was scheduled to go to trial in January 1999 and the parties filed a joint pretrial statement on December 31, 1998. The statement listed uncontested facts, contested issues of fact and law, and witnesses and exhibits to be used by each party. Each party objected to the exhibits and witnesses proposed by the other on the grounds that he had never received a Rule 26.1 disclosure statement or list of witnesses and exhibits from the other party. Shakman's attorney certified that he had exchanged copies of the listed exhibits, or had otherwise made them available for inspection and copying. One of the contested issues that Zimmerman raised was whether Shakman could introduce evidence due to nondisclosure. Shakman responded that Zimmerman had similarly failed to disclose and that many of the witnesses and exhibits for each party were essentially the same.

¶ 4 The case did not go to trial as scheduled because the parties entered into a settlement agreement. The agreement was never entered in court, so trial was reset for March 21, 2000, with all information to be disclosed and final lists of trial witnesses and exhibits to be filed no later than January 10, 2000.

¶ 5 By letter dated January 6, 2000, Shakman's attorney reminded Zimmerman's attorney that he had never received Zimmerman's list of witnesses and exhibits, Rule 26.1 disclosure statements, and copies of his exhibits. On January 10, 2000, Zimmerman filed his supplemental list of witnesses and exhibits. Three days later, Shakman filed a motion in limine and for sanctions stating that he still had not received the requested disclosures and documents from Zimmerman. Shakman asked the trial court to preclude Zimmerman from introducing evidence at trial. Shakman also filed a motion for partial summary judgment on the breach of contract claim.

¶ 6 Zimmerman was changing lawyers during this period and did not respond to the motions. The trial court, noting the lack of response, deemed that Zimmerman consented to the motions and granted them. Shakman immediately filed a motion to dismiss the complaint, arguing that with the granting of the motion in limine Zimmerman could not introduce any evidence at trial to prove his claims. Four days later, Zimmerman filed a motion for reconsideration of the court's ruling or for an enlargement of time to respond to the motions.

¶ 7 The trial court denied the motion for reconsideration. Nevertheless, the trial court vacated the trial date, denied the motion to dismiss, and, on its own motion, directed the parties to file memoranda regarding the enforceability of the terms of the parties' January 1999 settlement agreement. The court ultimately granted Zimmerman's motion to enforce the settlement agreement. That ruling was reversed on appeal.

¶ 8 Upon remand, Shakman renewed his motion to dismiss. Noting that the previous trial court judge had granted the motion in limine, denied the motion for reconsideration, and vacated the trial date, the new judge

stated that while he might "have imposed a different sanction after holding a hearing ... it [was] not [the trial] [c]ourt's function to serve as an appellate court for a lateral appeal of another Superior Court judge's ruling." Because he read the order granting the motion in limine as precluding Zimmerman from introducing any evidence at trial, the trial court granted Shakman's motion to dismiss the complaint.

¶ 9 Zimmerman filed a motion to reconsider the ruling, which was denied. The court entered judgment in favor of Shakman and awarded him attorney's fees of $35,412. Following the denial of Zimmerman's motion for new trial, Zimmerman appealed from the judgment, the order denying the motion for new trial, and all other final rulings.

## DISCUSSION

¶ 10 We will overturn the trial court's rulings on the exclusion of evidence only for "abuse of discretion or legal error and prejudice." *Brown v. United States Fid. & Guar. Co.*, 194 Ariz. 85, 88, ¶ 7, 977 P.2d 807, 810 (App.1998). In reviewing a dismissal for discovery violations, we will uphold the trial court's order unless the record reflects a clear abuse of discretion. *Wayne Cook Enter., Inc. v. Fain Properties Ltd. P'ship*, 196 Ariz. 146, 147, ¶ 5, 993 P.2d 1110, 1111 (App. 1999). "The trial court's discretion in dismissing a case for discovery violations 'is more limited than when it employs lesser sanctions.'" *Id.* (quoting *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305, 772 P.2d 1155, 1158 (App.1989)).

¶ 11 Zimmerman argues on appeal that by granting the motion in limine, the trial court effectively entered a default judgment for an alleged failure to obey a discovery order without giving him an evidentiary hearing on whether he, rather than his counsel, obstructed discovery. He argues that dismissal of his case was unjustified because a sanction so extreme "is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery, and that the court has considered and rejected lesser sanctions as a penalty," quoting from *Wayne Cook Enterprises*, 196 Ariz. at 149, ¶ 12, 993 P.2d at 1113.

¶ 12 A pretrial motion in limine is generally used as a substitute for evidentiary objections at trial. *State v. West*, 176 Ariz. 432, 442, 862 P.2d 192, 202 (1993). Such motions have also been employed in civil cases as a means to exclude evidence from trial for violations of the disclosure rules. *See Jones v. Buchanan*, 177 Ariz. 410, 413, 868 P.2d 993, 996 (App.1993). *Jones* illustrates that a motion in limine may be used to exclude evidence that is not properly disclosed under Rule 26.1, Arizona Rules of Civil Procedure ("Ariz. R. Civ.P."). 177 Ariz. at 412–14, 868 P.2d at 995–97. When a motion in limine is used to enforce the provisions of Rule 26.1, it is effectively a request for sanctions under Rule 37(c), Ariz. R. Civ. P. As such, it must be considered and reviewed using the standards of Rules 26.1 and 37(c) and the cases that have applied them.

¶ 13 The policy behind the disclosure rules is not to create a "weapon" for dismissing cases on a technicality. *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287, 896 P.2d 254, 257 (1995). The disclosure rules are designed to provide parties "a reasonable opportunity to prepare for trial or settlement—nothing more, nothing less." *Bryan v. Riddel*, 178 Ariz. 472, 477, 875 P.2d 131, 136 (1994). Sanctions for abuses of discovery or disclosure "must be appropriate, and they must be preceded by due process." *Montgomery Ward & Co. v. Superior Court*, 176 Ariz. 619, 622, 863 P.2d 911, 914 (App.1993).

¶ 14 The supreme court has stated that the disclosure rules "should be interpreted to maximize the likelihood of a decision on the merits." *Allstate*, 182 Ariz. at 287, 896 P.2d at 257. Courts must use common sense in applying the rules, with an eye to the specific facts, and

> [d]elay, standing alone, does not necessarily establish prejudice. Every late disclosure will involve some delay, but the relevant question must be whether it is harmful to the opposing party or to the justice system. A slight delay in a case such as this, where the trial date has not yet been set, clearly may be less prejudicial than that resulting from an attempt to disclose new witnesses just before trial.

*See, e.g., Jones v. Buchanan,* 177 Ariz. 410, 413, 868 P.2d 993, 996 (Ct.App.1993). Each situation must necessarily be evaluated on its own facts.

*Id.* at 288, 896 P.2d at 258. Factors supporting the exclusion of undisclosed evidence "gain strength as the trial nears." Ariz. R. Civ. P. 37(c), comment to 1996 and 1997 amendments.

■ ¶ 15 The trial court granted the motion to dismiss because the judge previously assigned to the case had ordered that Zimmerman could not introduce evidence at trial. Shakman argues that the earlier ruling must be followed because it became the "law of this case." The supreme court has recognized, however, that "[a]t the trial court level, the doctrine of the law of the case is 'merely a practice that protects the ability of the court to build to its final judgment by cumulative rulings, with reconsideration or review postponed until after the judgment is entered.'" *State v. King,* 180 Ariz. 268, 279, 883 P.2d 1024 (1994) (quoting 1B James W. Moore, *Moore's Federal Practice* ¶ 0.404[4.1] (2d ed.1992)). The doctrine does not prevent a judge from reconsidering nonfinal rulings, "[n]or does it prevent a different judge, sitting on the same case, from reconsidering the first judge's prior, nonfinal rulings." *Id.*

■ ¶ 16 As noted in *Allstate,* when a trial has not been set, or is many months away, the opposing party is not necessarily prejudiced by some delay. 182 Ariz. at 288, 896 P.2d at 258. Although any failure to follow the disclosure rules may lead to some form of sanctions, there is little reason to completely bar the use of evidence when no trial or case-dispositive motion is pending. On the other hand, if a trial is set and imminent, the possibility of prejudice increases. In such a case the trial judge possesses considerable latitude in determining whether good cause has been shown for late disclosure. If there is no good cause, barring the introduction of evidence not previously disclosed may be a reasonable sanction.

■ ¶ 17 If evidence is barred from use at trial because of late disclosure, and the trial is postponed, the prejudice to the opposing party may disappear or be significantly reduced. *See Englert v. Carondelet Health Network,* 199 Ariz. 21, 29, ¶¶ 24–25, 13 P.3d 763 (App.2000) (declining to consider discovery issues because trial court would have adequate time to set new deadlines on remand); *Gerow v. Covill,* 192 Ariz. 9, 18, ¶ 43, 960 P.2d 55, 64 (App.1998) (finding that a trial continuance allowed "adequate notice and time to prepare"). If both parties are given additional time to prepare for trial, or even conduct additional discovery, the reasons for the original ruling may no longer exist and the trial judge has the discretion to reconsider.

■ ¶ 18 Applying these principles to this case, the trial court was not bound by the earlier order barring Zimmerman from introducing evidence. The motion in limine was a pretrial motion relating to a trial that did not take place. Vacating the trial opened the door for setting new discovery and disclosure deadlines. Therefore, the trial court incorrectly relied on the prior ruling in granting the motion to dismiss.

■ ¶ 19 We also agree with Zimmerman that the trial court should not have dismissed his case without an express finding that he "shared the blame for nondisclosure." *Wayne Cook Enter.,* 196 Ariz. at 149, ¶ 11, 993 P.2d at 1113. Shakman argues that the trial court did not dismiss the case for nondisclosure, but merely granted the pretrial motion barring the use of evidence at trial and then dismissed because the plaintiff could not prove his case without evidence. Whatever the label, the effect is the same. If a plaintiff cannot introduce evidence of any kind because of nondisclosure the obvious outcome is the dismissal of the case. If the effect is to terminate the litigation, the trial court must treat the motion or series of motions as a request for dismissal under Rule 37(c) and provide the procedural protections required under that rule. *See Wayne Cook Enter.,* 196 Ariz. at 149–50, ¶¶ 11–12, 993 P.2d at 1113–14 (formal dismissal); *Montgomery Ward & Co.,* 176 Ariz. at 622, 863 P.2d at 914 (striking the defendant's answer so that a default will be entered); *Perguson v. Tamis,* 188 Ariz. 425, 429, 937 P.2d 347, 351 (App.1996) (excluding key evidence).

¶ 20 This leads us to the order granting the motion in limine. The trial court's grant of the motion in limine was a sanction for Zimmerman's failure to disclose. The trial court did not make any findings regarding what items had or had not been disclosed between the parties, but simply excluded all of Zimmerman's evidence. Zimmerman did not respond to the motion in limine.

¶ 21 Shakman argues that this failure constitutes a waiver by Zimmerman under Rule 7.1(b), Ariz. R. Civ. P. (formerly Rule IV(b), Uniform Rules of Practice of the Superior Court of Arizona), which provides that a party's failure to timely file and serve a responsive memorandum "may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily." Rule 7.1(b), however, is not mandatory, and the failure to respond does not in and of itself authorize a judgment against the nonmoving party if the motion fails to demonstrate the movant's entitlement to the requested relief. *Cf. Aranki v. RKP Investments, Inc.*, 194 Ariz. 206, 211, 979 P.2d 534, 539 (App.1999) ("[G]iven that the ... defendants' summary judgment motion rested on legal and factual assertions wholly irrelevant to the claims against the sellers, such a ruling would be a manifest abuse of discretion."); *Choisser v. State ex rel. Herman*, 12 Ariz.App. 259, 261, 469 P.2d 493, 495 (1970) ("A failure to respond to the motion with a written memorandum or opposing affidavits cannot, by itself, entitle the movant to summary judgment."). Because the plain effect of the court's order was to bar recovery by Zimmerman, the trial court should not have granted the motion based only on Zimmerman's failure to respond.

¶ 22 In this case, we fail to see how the trial court's exclusion of all evidence was justified. The parties strongly disagree about what was disclosed and when. A factual determination about the scope of disclosure is for the trial court to make. Nevertheless, it is clear in the record that Zimmerman disclosed the names of witnesses in the earlier pretrial statement and in his supplemental list of witnesses and exhibits. Shakman had previously stated that many of the parties' witnesses and exhibits were the same and that the parties were familiar with their respective positions. *See* Ariz. R. Civ. P. 37(c), comment to 1996 amendment ("[T]he disclosure of the information need not be in a formal disclosure statement."). Although Zimmerman did not help matters by failing to respond to the motion in limine, the record plainly showed that evidence had been disclosed. Trial could have proceeded, limited only to that evidence.

¶ 23 Because the effect of barring Zimmerman from presenting any evidence is to dismiss his case, the motion should not have been granted without holding an evidentiary hearing to determine whether it was Zimmerman or his attorney who was at fault for the alleged nondisclosure and to make specific findings as to what evidence was not disclosed and the appropriate sanction. *See Wayne Cook Enter.*, 196 Ariz. at 149, ¶ 12, 993 P.2d at 1113 (holding that dismissal as a sanction "is warranted only when the court makes an express finding ... and ... has considered and rejected lesser sanctions"). Accordingly, we vacate the trial court's order granting the motion in limine and reverse the trial court's dismissal of the case.

¶ 24 Zimmerman also challenges the trial court's award of attorney's fees to Shakman. Shakman sought an award of fees pursuant to A.R.S. § 12–341.01 (Supp.2002). Because we reverse the trial court's dismissal, and Shakman is no longer a prevailing party, we also reverse the trial court's award of attorneys' fees to Shakman. Both parties request an award of attorneys' fees and costs incurred in this appeal. In the exercise of our discretion, we deny both requests.

## CONCLUSION

¶ 25 We vacate the trial court's grant of the motion in limine, reverse the judgment of the trial court, and remand for further proceedings. Additionally, we reverse the trial court's award of attorneys' fees to Shakman.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, SHELDON H. WEISBERG, Judge.