IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

REBECCA L. JOHNSON, *Petitioner/Appellant,*

*v.*

JAMES PROVOYEUR, *Respondent/Appellee.*

No. 1 CA-CV 17-0276 FC
FILED 7-26-18

Appeal from the Superior Court in Maricopa County
No. FC2013-000701
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Gillespie Shields Durrant & Goldfarb, Phoenix
By DeeAn Gillespie Strub, Mark A. Shields
*Counsel for Petitioner/Appellant*

Mushkatel, Robbins & Becker, PLLC, Sun City
By Zachary Mushkatel
*Counsel for Respondent/Appellee*

**OPINION**

Judge Jennifer B. Campbell delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

¶1 Petitioner Rebecca L. Johnson ("Mother") appeals the superior court's order denying her petition to modify the primary physical residence of the parties' children. Mother argues the court abused its discretion by precluding her expert's supplemental report due to her failure to timely disclose the report pursuant to the scheduling order and the Rules of Family Law Procedure. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Mother and respondent James Provoyeur ("Father") married and had two children in Rhode Island. In 2012, Mother moved to Arizona with the children. After Mother arrived, she learned she was pregnant with the parties' third child. After Mother gave birth in June 2013, she filed for dissolution in Arizona.

¶3 The parties conceptually agreed to a parenting plan under which the children would live with the primary residential parent during the school year and with the other parent during summer and alternating school breaks. Mother and Father each sought appointment as the primary residential parent. After an evidentiary hearing in July 2014, the superior court found it was in the children's best interests for Father to be the primary residential parent and for the children to reside principally in Rhode Island.[1]

¶4 In April 2016, Mother filed a petition to modify the children's primary physical residence, asserting Father had failed to fulfill his responsibility as the primary residential parent and, as a result, the children

_____

[1] Mother challenged the superior court's ruling on appeal and, after a remand for further proceedings, this court affirmed the decision. *Johnson v. Provoyeur*, 1 CA-CV 15-0086 FC, 2016 WL 359444 (Ariz. App. Jan. 28, 2016) (mem. decision); *Johnson v. Provoyeur*, 1 CA-CV 16-0403 FC, 2017 WL 1506569 (Ariz. App. Apr. 27, 2017) (mem. decision).

were suffering in his care. The superior court scheduled an evidentiary hearing for November 21, 2016, and ordered the parties to exchange updated disclosure statements, including all documents and exhibits, at least 60 days before the hearing. At the parties' request, the court implemented a scheduling order requiring disclosure of experts' identities and opinions on or before October 14, 2016, and completion of all discovery (except expert depositions) by November 1, 2016. Mother disclosed the report of her expert, Carol Mellen, Ph.D., on October 21, 2016 ("Original Report")—a week after the court-ordered deadline.

¶5         A few days before the scheduled evidentiary hearing, the court granted Father's motion to continue, resetting the hearing for March 6, 2017. The request for a continuance was necessitated by Mother's untimely disclosure of witnesses and voluminous documents, again after the court-imposed deadline. When granting the continuance, the court reaffirmed its earlier discovery and disclosure order requiring the parties to make all disclosures at least 60 days before the hearing.

¶6         On February 21, 2017, Mother again violated the court's scheduling order and the Rules of Family Law Procedure by disclosing Dr. Mellen's supplemental report, dated February 13, 2017 ("Supplemental Report"). The Supplemental Report included summaries of Dr. Mellen's December 27 and 30, 2016 interviews and observations of the parties' children. Mother did not alert the court or Father of the expected report, nor did she request a continuance based on her late disclosure. On February 27, 2017, Father moved in limine to exclude the Supplemental Report and Dr. Mellen's related testimony because Mother had failed to timely disclose the Supplemental Report. He asserted the presentation of the newly disclosed information would cause him prejudice. Mother argued the disclosure was timely and not prejudicial to Father; she also asserted that it would be an abuse of the court's discretion to exclude the Supplemental Report because it contained information regarding the children's best interests. The court granted Father's motion and excluded Dr. Mellen's Supplemental Report, but admitted her timely disclosed Original Report and allowed Dr. Mellen to testify about the opinions therein.

¶7         Ultimately, the court denied Mother's petition to modify, determining she failed to show a substantial and continuing change of circumstances that would justify a change in the children's primary physical residence.

**DISCUSSION**

**¶8**        The superior court has broad discretion in ruling on disclosure and discovery matters, and this court will not disturb an evidentiary ruling absent a clear abuse of discretion and resulting prejudice. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013); *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996).

### A.        Mother Did Not Timely Disclose the Supplemental Report

**¶9**        Arizona Rule of Family Law Procedure ("Rule") 49(H) requires each party to disclose, at least 60 days before trial, all information regarding any expert witness he or she intends to call at trial. Here, the superior court also ordered the parties to complete all disclosures at least 60 days before trial. Mother was therefore required to disclose any supplemental report on or before January 5, 2017, and her February 21, 2017 disclosure of Dr. Mellen's Supplemental Report was not timely.[2]

### B.        The Untimely Disclosure Prejudiced Father

**¶10**        If a party fails to timely disclose information, he or she "shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or in support of a motion, the information or the testimony of a witness not disclosed, except by leave of court for good cause shown." Ariz. R. Fam. Law P. 65(C)(1).[3]

---

[2] Mother's suggestion that the disclosure was timely because it occurred on the date the parties agreed to exchange trial exhibits is without merit.

[3] If the disclosure occurs less than 30 days prior to trial, the party must also establish that he or she disclosed the information "as soon as practicable" after its discovery and obtain leave of court to extend the time for disclosure. Ariz. R. Fam. Law P. 65(C)(2). Mother received the Supplemental Report on February 17, 2017, but did not provide it to Father until almost 5 p.m. on February 21, 2017. She also did not file a motion, supported by an affidavit, to extend the time for disclosure as required by Rule 65(C)(2). Instead, Mother contends her opposition to Father's motion in limine was, in substance, a request under Rule 65(C)(2) that the superior court extend the disclosure deadline.

¶11        Mother argues her late disclosure was harmless and caused no prejudice to Father. We disagree. The untimely disclosure deprived Father of a fair opportunity to obtain Dr. Mellen's notes, to schedule and complete a deposition, or to allow his expert witness the necessary time to prepare a rebuttal report. Further, we reject Mother's argument that Father had ample time to cure this prejudice and his failure to depose Dr. Mellen in the two weeks before trial constituted "lying in wait" and using the discovery rules as a "weapon." Arizona's disclosure rules do not require an opposing party to undertake new discovery the week prior to trial to remediate or avoid prejudice caused by the other party's disclosure violation. *See* Ariz. R. Fam. Law P. 65(C)(1) (requiring the party making a late disclosure to seek "leave of court for good cause shown" to use the evidence at trial).[4] Additionally, Mother was aware the Supplemental Report was forthcoming and neither gave Father advance warning nor sought leave from the court to disclose the report when it became available.

¶12        Moreover, we discern no dilatory conduct by Father. He filed his motion in limine to exclude the Supplemental Report four business days after he received it. The circumstances of this case are therefore distinguishable from the cases Mother cites. *See Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 258 (1995) (defendant, aware that unrepresented plaintiffs had failed to serve their disclosure statement, did nothing to remind plaintiffs of their obligations and deliberately did not continue with other discovery); *Bryan v. Riddel*, 178 Ariz. 472, 476-77 (1994) (plaintiff failed to make adequate disclosures of expected witness testimony, but defendant had obtained the relevant information via other discovery methods).

### C.        Mother Did Not Establish Good Cause for Her Late Disclosure

¶13        Mother asserted in the superior court that her late disclosure occurred because of illnesses, staff turnover and absences at her counsel's office in February 2017, and Mother's inability to pay Dr. Mellen to prepare the Supplemental Report until February 2017. Even accepting Mother's explanation, Mother was aware a report would be forthcoming but failed to either request a continuance or alert anyone to the impending disclosure or the issues she encountered in producing the document. Accordingly, the superior court rejected her argument and excluded the report based on

---

[4] Mother's argument that court-appointed experts routinely provide their reports on the eve of trial does not persuade us that it was Father's burden to cure Mother's discovery violation.

Mother's disclosure violation. We find no abuse of discretion. *See Marquez* at 441, ¶ 14 (trial court has broad discretion when ruling on disclosure matters); *Zimmerman v. Shakman*, 204 Ariz. 231, 236, ¶ 16 (App. 2003) ("[I]f a trial is set and imminent, the possibility of prejudice increases. In such a case the trial judge possesses considerable latitude in determining whether good cause has been shown for late disclosure. If there is no good cause, barring the introduction of evidence not previously disclosed may be a reasonable sanction.").[5]

**D.    The Court Was Not Required to Admit the Supplemental Report Simply Because It Concerned the Children's Best Interests**

**¶14**        Mother—citing *Hays v. Gama*, 205 Ariz. 99 (2003)—argues that despite her disclosure violation, the superior court improperly excluded the Supplemental Report because "a trial court abuses its discretion when it excludes evidence that impacts a child's best interests." Mother asserts that *Hays* stands for the proposition that a court commits reversible error by precluding any information regarding the child's best interests.

**¶15**        *Hays* is distinguishable from this case. In *Hays*, the superior court precluded evidence from a child's therapeutic counselor in a contested child custody proceeding as a contempt sanction because the child's mother had violated certain court orders. *Id*. at 101, ¶¶ 9-10. The Arizona Supreme Court vacated the sanctions, explaining the discovery rules did not authorize the exclusion because "[n]either the superior court nor any party ha[d] identified any discovery order that Mother failed to obey," and thus, "the sanctions were imposed pursuant to the court's inherent contempt power." *Id*. at 101-02, ¶¶ 14-16. The court further held that excluding the evidence "effectively preclude[d] potentially significant information from being considered in the custody determination" and

---

[5] We do not consider Mother's argument, first raised in her reply brief, that good cause existed for her noncompliance with Rule 49(H) based on the Arizona Supreme Court's interpretation of "good cause" under analogous Arizona Rule of Civil Procedure 26.1 in *O'Toole*, 182 Ariz. at 257-58. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000) (failure to raise an issue in the trial court generally constitutes waiver on appeal); *Romero v. Sw. Ambulance*, 211 Ariz. 200, 204 n.3, ¶ 7 (App. 2005) (issues first raised in reply brief are waived).

impacted the superior court's ability to consider the child's best interests. *Id.* at 103-04, ¶ 22.

**¶16** In contrast to *Hays,* here, Mother failed to comply with Rule 49(H) and failed to show good cause for her non-compliance. Arizona Rule of Family Law Procedure 65(C) therefore authorized the superior court to exclude the untimely disclosed Supplemental Report.[6] Further, unlike the evidentiary sanctions in *Hays,* the superior court did not exclude any evidence that had an "especially significant effect" on its ability to determine the child's best interests. The court admitted Dr. Mellen's Original Report, and she testified that the children had adjusted poorly to Father's home, their relationship with Mother had been disrupted, and Mother was more "attuned" to the children's needs. Mother argues the Supplemental Report contained new information critical to her case. In particular, she cites Dr. Mellen's summaries of her interviews and observations of the children and her opinions that the children were suffering from their removal from Mother's primary care at young ages. She also criticized Father's expert's methodology and opinion that the

---

[6] Mother asserts that Arizona courts have applied *Hays* even outside the context of contempt sanctions. The cases she cites, however, did not concern a trial court's exclusion of untimely disclosed evidence. *See Dep't of Child Safety v. Beene*, 235 Ariz. 300, 304, ¶ 9 (App. 2014) (noting a child's best interests are paramount in dependency and severance proceedings and citing *Hays* for the proposition that a child's best interests are paramount in a custody determination); *Ariz. Dep't of Econ. Sec. v. Lee ex rel. Cty. of Maricopa*, 228 Ariz. 150, 155, ¶ 23 (App. 2011) (holding superior court erred by ordering child returned to mother as a sanction for ADES' failure to follow statutory procedure and citing *Hays* for the proposition that a court must consider the child's best interests in deciding whether to impose contempt sanctions in a custody case); *Alvarado v. Thomson*, 240 Ariz. 12, 15-17, ¶¶ 17, 21 (App. 2016) (holding superior court properly set aside a fraudulent acknowledgement of paternity that was used to avoid the judicial best-interests determination required for an adoption and citing *Hays* for the proposition that a child's best interests are paramount in a custody determination); *Navajo Nation v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 339, 350, ¶¶ 44-48 (App. 2012) (rejecting argument that the trial court considered the Navajo Nation's alleged lack of diligence as a factor when deciding child's placement after severance proceedings and citing *Hays* for the proposition that "the conduct of one of the parties in litigation is not to be sanctioned in a manner that will affect the best interests determination for the child").

children were well-adjusted to Father's home. Dr. Mellen's Original Report contained similar concerns regarding the children's poor adjustment to being separated from Mother and her conclusion that Father was not attuned to the children's needs.

¶17　　　　Nevertheless, the court permitted Dr. Mellen to testify about those subjects contained in the Original Report. Further, with respect to the child interviews in which the middle child allegedly expressed a desire to live with Mother and the oldest child allegedly expressed frustration about the quality of her education in Rhode Island, the court found, as part of its best interests analysis, the children were too young for it to give weight to their preferences.[7] This testimony, coupled with the parties' testimony and other evidence concerning the children's adjustment to Father's home, gave the court sufficient information to assess the children's best interests. Accordingly, as suggested by Mother, the holding in *Hays* did not require the superior court to admit the Supplemental Report despite Mother's untimely disclosure.

¶18　　　　Similarly, Mother's reliance on *Reid v. Reid*, 222 Ariz. 204 (App. 2009), is misplaced. In that case, the parties received the results of a court-ordered custody evaluation just 16 days before trial. *Id*. at 206, ¶ 7. Eight days before the hearing, the mother disclosed an expert witness she intended to call to rebut the custody evaluation. *Id.* The trial court permitted the testimony over the father's objection. *Id.* This court ruled that, under the circumstances (where the evidence was not compelling but had some relevance, the father chose not to seek a continuance to depose the expert, and the timing of the late disclosure was not the mother's fault), the trial court had not abused its discretion by allowing the mother's expert to testify. *Id*. at 207, ¶ 10. *Reid* did not hold that the trial court would have abused its discretion if it had excluded the evidence under those, or similar, circumstances. *See also Nold v. Nold*, 232 Ariz. 270, 272-73, ¶¶ 9-10 (App. 2013) (declining to apply the discretionary doctrine of waiver to Father's argument challenging parenting time ruling, which must be based on the children's best interests).

---

[7] Mother claims the exclusion of the Supplemental Report prejudiced her because the superior court relied on the absence of corroborating evidence to discredit her. The court's ruling does not indicate that it discredited or disbelieved Mother's statement that the children were distressed to leave her.

¶19        Further, this court's recent opinion in *James A. v. Dep't of Child Safety*, does not alter our analysis. 1 CA-JV 17-0195, 2018 WL 1542028 (Ariz. App. March 29, 2018). In that case, we held that the juvenile court abused its discretion by precluding a potentially outcome-determinative bonding assessment report disclosed by the father two days late. *Id.* at *2-3, ¶¶ 10-13. The juvenile court had reason to know the report could have a significant impact on its determination of the child's best interests, and the father possessed no other evidence that could substitute for the report. *Id.* at *3, ¶¶ 11-12. Moreover, this court noted that the father's failure to complete the bonding assessment before the deadline was not the product of bad faith, but rather because the father resided in a mountainous region of northern Nevada and had been unable to get to Arizona due to severe winter weather and concerns over losing his job. *Id.* at *2, ¶ 10. Additionally, all parties and the court were aware the report was forthcoming, as the court had specifically ordered the father to disclose the results of the bonding assessment and had made scheduling adjustments to facilitate its completion. *Id.* at *1, ¶¶ 3-4.

¶20        In contrast, here, the superior court did not exclude any evidence that had an "especially significant effect" on its ability to determine the children's best interests and admitted other relevant evidence supporting Mother's claims. *Supra* ¶ 16. Furthermore, Mother did not establish good cause for her late disclosure, *supra* ¶ 13, and she failed to either request a continuance or even alert the superior court to her purported difficulties in producing the Supplemental Report. While a court must generally hear any competent and potentially significant evidence pertaining to the best interests of a child, *id.* at *2, ¶ 8 (citing *Hays*, 205 Ariz. at 103-04, ¶¶ 21-23), a parent may not rely on *Hays* as a means to flout multiple disclosure deadlines without good cause, as Mother did here.

¶21        Accordingly, the superior court did not abuse its discretion by excluding the Supplemental Report.

## CONCLUSION

¶22        For the foregoing reasons, we affirm.

¶23        Both parties request an award of attorney fees on appeal pursuant to Arizona Revised Statues section 25-324 based on their respective financial positions and the alleged unreasonableness of the

other's conduct. In our discretion, we grant Father reasonable attorney fees and costs upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

