NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

LARRY FLORES, *Plaintiff/Appellant*,

*v.*

CITY OF PHOENIX POLICE DEPARTMENT, *Defendant/Appellee*.

No. 1 CA-CV 23-0672

FILED 08-27-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2023-004394
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

---

COUNSEL

Larry Flores, Chandler
*Plaintiff/Appellant*

Office of the Phoenix City Attorney, Phoenix
By Jody C. Corbett, Karen Stillwell
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

_____

**F U R U Y A**, Judge:

¶1        Larry Flores appeals the superior court's dismissal of his complaint against the Phoenix Police Department (the "Department"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We assume the truth of the well-pleaded facts in Flores' complaint and reasonable inferences drawn from those facts. *See Satamian v. Great Divide Ins. Co.*, 257 Ariz. 136, 140 ¶ 10 (2024).

¶3        On June 24, 2022, Phoenix police officers responded to a 9-1-1 call about a car stalled at an intersection and found the driver, Flores, "passed out" inside the car. After ordering Flores to exit, the officers arrested him and searched the car. Officers' body cameras recorded most of the event. Flores does not allege, nor does the record show, any charges against him from the arrest.

¶4        On March 17, 2023—266 days after his arrest—Flores filed a notice of claim with the City of Phoenix. In this notice, he requested $5,000,000 to settle but did not explain the damages or allege any facts supporting the requested amount. Five days later, he filed his complaint naming the Department and six individual officers as defendants. Flores served the complaint on the City of Phoenix Clerk but not on the individual officers.

¶5        The notice of claim and complaint include the same information characterizing the June 2022 arrest, generally alleging Phoenix police officers have been following and harassing Flores since his arrest. Flores did not, however, include any dates or describe particular instances of harassment. The complaint does not reference any legal authority and describes no demand for relief. Additionally, the complaint notes Flores did not get the body-camera footage until December 19, 2022.

**¶6** The Department moved to dismiss the complaint arguing: (1) Flores did not comply with the notice of claim statute; (2) the Department is a non-jural entity; (3) the Department is immune from simple negligence claims; and (4) the complaint failed to state a claim for which relief can be granted. The Department served the motion on Flores via email on April 14, 2023, and U.S. mail on April 17. About one month later, the court summarily granted the uncontested motion, finding the motion "provide[d] a legal and factual basis for the relief requested." Flores did not receive the ruling because the court used the wrong mailing address.

**¶7** On June 6, Flores filed a response to the motion to dismiss—50 days after the Department mailed the motion to Flores. In the response, Flores explained "at that time [he] had no knowledge of how to file a suit, the process was all new to him," and he "had to do a lot [of] research on how to file paperwork properly." The court ruled his response was untimely and deemed it moot.

**¶8** We have jurisdiction over Flores' timely appeal under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶9** Generally, opposing parties have ten days after receiving a motion to file their response. Ariz. R. Civ. P. 7.1(a)(3). A court may summarily grant a motion to dismiss when the non-moving party does not timely respond and the motion provides a legal and factual basis for dismissal. *See* Ariz. R. Civ. P. 7.1(b)(2); *Zimmerman v. Shakman*, 204 Ariz. 231, 237 ¶ 21 (App. 2003). Ignorance does not excuse noncompliance with procedural rules. *See Flynn v. Campbell*, 243 Ariz. 76, 84 ¶ 25 (2017). We review the grant of a motion to dismiss under Arizona Rule of Civil Procedure 7.1 for an abuse of discretion. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64–65 ¶¶ 16–17 (App. 2010).

## I. Flores Failed to File a Timely Response to the Department's Motion to Dismiss.

**¶10** Flores admits he received the Department's motion to dismiss but argues his failure to respond was due to his low education level and inexperience with civil court procedures. He otherwise contends his complaint was dismissed because of a "loss of communication," which appears to reference the court using a wrong mailing address when sending him a copy of the dismissal order. But Flores' response to the motion to

dismiss was due before the court issued its ruling, so any delay in his receipt of the ruling did not prohibit his timely response. Accordingly, the court did not abuse its discretion in summarily dismissing Flores' complaint for his failure to respond timely.

## II. The Court Did Not Abuse its Discretion by Granting the Department's Motion to Dismiss.

¶11 To bring a claim against a public entity, plaintiffs must, within 180 days "after the cause of action accrues," file a notice of claim containing "facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed" and "a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). Plaintiffs must strictly comply with A.R.S. § 12-821.01, including its statutory time limit. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 ¶ 10 (2006).

¶12 A cause of action accrues when "a reasonable person would have been on notice to investigate." *Cruz v. City of Tucson*, 243 Ariz. 69, 72 ¶ 8 (App. 2017) (quoting *Walk v. Ring*, 202 Ariz. 310, 316 ¶ 24 (2002)). And plaintiffs need not know all the underlying facts of their claim or have conclusive knowledge of the claims against a certain party. *Id.* Nor must a plaintiff complete an investigation to find all the facts needed to support a complaint before filing a notice of claim. *Humphrey v. State*, 249 Ariz. 57, 65 ¶¶ 27–28 (App. 2020). And though the accrual of a cause of action is typically a question reserved for factfinders, we may decide the issue as a matter of law if the record unquestionably shows when the plaintiff knew or should have known of the facts underlying the claim. *Id.* at 64 ¶¶ 24–25.

¶13 The Department argues Flores' claims accrued during his arrest on June 24, 2022. Flores responds by explaining he did not know about the filing deadlines and argues that he needed the body camera footage to ensure the validity of his claims. Yet Flores does not argue he was not aware of the events of the arrest as they transpired. Thus, he had notice on the date of his arrest as to the alleged misconduct by the police officers. Because the record shows, and Flores admits, he knew or should have known of the facts underlying his claim by June 24, 2022, we hold as a matter of law, that his arrest-related claims accrued when he was arrested. *See id.* Therefore, because Flores filed his notice of claim more than 180 days after his arrest, his arrest-related claims are barred under A.R.S. § 12-821.01.

¶14 And even assuming, arguendo, any of Flores' claims survived the deficient notice of claim, his complaint failed to state a claim upon

which relief can be granted. *See* Ariz. R. Civ. P. 12(b)(6). Though the complaint describes events, it contains no demand for relief, monetary or otherwise. *See* Ariz. R. Civ. P. 8(a)(3) (pleading must include "a demand for the relief sought").

**¶15** Because these issues are dispositive, we need not address the other issues raised by the Department. *See Sierra Club-Grand Canyon Chapter v. Ariz. Corp. Comm'n*, 237 Ariz. 568, 573 ¶ 14 (App. 2015) (finding dispositive holding on one issue renders it unnecessary to address other issues). Therefore, the court did not abuse its discretion by dismissing Flores' complaint after Flores failed to respond to the Department's legally and factually supported motion to dismiss. *See Zimmerman*, 204 Ariz. at 237 ¶ 21.

**CONCLUSION**

**¶16** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV