NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

D&D FARMS, an Arizona general partnership, *Plaintiff/Appellee*,

*v.*

MANUEL ALARCON and JANE DOE ALARCON, husband and wife;
dba MANUEL ALARCON TRUCKING, *Defendants/Appellants*.

No. 1 CA-CV 24-0921

FILED 12-30-2025

Appeal from the Superior Court in La Paz County
No. S1500CV201500004
The Honorable Robert Duber, Judge

**AFFIRMED**

COUNSEL

Berry Law Group, PLLC, Phoenix
By Christopher J. Berry
*Counsel for Plaintiff/Appellee*

JM O'Connor Law Group, PLLC, Newport Beach, CA
By Joseph M. O'Connor
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

**¶1** Manuel and Jane Alarcon, doing business as Manual Alarcon Trucking, ("Alarcon") appeal from a judgment ordering Alarcon to pay more than $800,000 in damages to D&D Farms ("D&D") for failing to pay for hay Alarcon obtained for resale. Alarcon argues that the superior court erred by precluding testimony from two witnesses Alarcon attempted to call at trial. We affirm because the witnesses were not timely disclosed and because Alarcon made no offer of proof detailing what the witnesses would have stated if allowed to testify.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Alarcon had a contract with D&D where Alarcon would purchase hay from D&D to resell or transport to others. After D&D discovered unpaid invoices in 2015, it sued Alarcon for breach, alleging Alarcon underreported the amount of hay taken. The only issue on appeal is whether the superior court erred by granting D&D's motion to preclude the testimony of Christine Sandate and Gene Gastelluberry, two witnesses Alarcon attempted to call at trial.

**¶3** Sandate was a D&D bookkeeper, and Gastelluberry owned Basque American Dairy, a company that bought hay from Alarcon. Both were added as defendants in this case in 2017, but neither participated in the proceedings.[1]

---

[1] D&D obtained a default judgment against Sandate based on allegations that she actively worked with Alarcon (with whom she allegedly had a personal relationship) to conceal hay pick-ups and to destroy records showing how much hay Alarcon was taking from D&D's fields. Default was entered against Gastelluberry, but D&D did not pursue monetary damages after determining that he was out of business for most of the relevant time period.

¶4 A bench trial was set but then continued four times, due in part to Alarcon twice filing bankruptcy. One day of trial was held in November 2023, with the next scheduled for January 2024. Six days before the January 2024 trial date, Alarcon disclosed and filed his first witness and exhibit list. D&D moved to strike Alarcon's untimely disclosed witnesses and exhibits. When the trial resumed, the court did not rule on that motion. Instead, the court declared a mistrial, ordered Alarcon to post a bond to cover D&D's fees for trial preparation, and rescheduled the trial for April 2024.

¶5 Sixteen days before the April 2024 trial date, Alarcon filed a witness list noting for the first time an intent to call Gastelluberry and Sandate to testify about accountings during the relevant contract period. D&D moved to preclude their testimony due to inadequate and untimely disclosure. Alarcon did not respond to that motion. Before the April 2024 trial started, the superior court granted D&D's motion and precluded testimony from Sandate and Gastelluberry given Alarcon's untimely disclosure and their default status. Alarcon did not make any type of proffer as to what testimony the proposed witnesses would have provided.

¶6 After a three-day bench trial, the superior court ruled for D&D, later entering a final judgment awarding D&D $803,380.32 in damages. Alarcon timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶7 Arizona's disclosure rules are designed to provide parties "a reasonable opportunity to prepare for trial." *Bryan v. Riddel*, 178 Ariz. 472, 476, n.5 (1994). Among other things, parties must timely disclose their witnesses and provide "a description of the substance" of the expected testimony. Ariz. R. Civ. P. 26.1(f), (a). Information not timely disclosed is precluded as evidence unless "the court specifically finds that such failure caused no prejudice or orders otherwise for good cause." Ariz. R. Civ. P. 37(c)(1). We review the superior court's decisions on disclosure and discovery matters for an abuse of discretion. *Link v. Pima County*, 193 Ariz. 336, 338, ¶ 3 (App. 1998).

¶8 Alarcon argues that the superior court erred by precluding the testimony of Sandate and Gastelluberry on the basis that both had been defaulted. But that was not the basis for the court's ruling. Although the court discussed the default proceedings, it precluded the witnesses given their late and inadequate disclosure, as asserted in D&D's motion to

3

preclude. Alarcon contends that Sandate and Gastelluberry were timely disclosed because they were listed as witnesses in his initial disclosure. But the initial disclosure does not list either as a witness; it only lists Sandate as a person who may have information potentially relevant to the case. Moreover, Alarcon's initial disclosure said nothing about the substance of any expected testimony.

**¶9** Alarcon had many opportunities to properly disclose Sandate and Gastelluberry as witnesses over the nine years of this lawsuit. A trial date had been set four different times. Alarcon submitted only one other pretrial witness list, which did not include Sandate or Gastelluberry as witnesses. And the first day of the earlier mistrial went forward without mentioning their testimony.

**¶10** Because these witnesses were not timely disclosed, the superior court had broad discretion to determine an appropriate sanction—including potentially precluding the evidence. Ariz. R. Civ. P. 37(c)(1). Sanctions failure to make discovery or disclosure must be appropriate to the circumstances and in accordance with due process. *Roberts v. City of Phoenix*, 225 Ariz. 112, 119–20, ¶ 27 (App. 2010).

**¶11** Here, although Sandate and Gastelluberry were added as co-defendants to the lawsuit in 2017, Alarcon did not disclose them as witnesses until sixteen days before trial, almost seven years later. And even then, no details were provided about their proposed testimony. At no point did Alarcon request leave of court to extend the time for disclosure, move to reopen discovery, or offer any justification for the delayed disclosure. *See* Ariz. R. Civ. P. 26.1(f)(2). Thus, the court did not abuse its discretion by precluding testimony from the untimely disclosed witnesses. *See Zimmerman v. Shakman*, 204 Ariz. 231, 236, ¶ 14 (App. 2003) ("Factors supporting the exclusion of undisclosed evidence 'gain strength as the trial nears.'") (citation omitted).

**¶12** Alarcon contends the preclusion of witnesses prejudiced him. But Alarcon did not make an offer of proof as to what they would say if allowed to testify. *Cf.* Ariz. R. Evid. 103(a)(2). Accordingly, there is no way to determine whether the expected testimony would have been material to the case. *Deyoe v. Clark Equip. Co.*, 134 Ariz. 281, 284 (App. 1982) (noting that an offer of proof is meant to aid the appellate court in determining "if any error was made within the context of the case"). Thus, the superior court did not err by precluding the witnesses from testifying. *See Takieh v. O'Meara*, 252 Ariz. 51, 61, ¶ 34 (App. 2021) (deferring to the superior court's decision to impose sanctions for discovery violations because that court is

in a better position to determine whether disclosure violations occurred and their "practical effect" on the proceedings).

## CONCLUSION

**¶13**         We affirm.  D&D requests attorney's fees and costs on appeal. D&D cites only to ARCAP 21 in requesting fees and does not specify any statute, rule, or decisional law under which it is entitled to a fee award. Thus, we deny the request for attorney's fees.  *See* ARCAP 21(a)(2).  As the prevailing party, D&D is awarded its costs on appeal upon compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**

**FILED**:          JR